108  117
d109 443
108  117
123  434

SARAH T. PARKER v. THE DES MOINES LIFE ASSOCIATION, Appellant.

**Insurance:** SUICIDE. The suicide of insured, not in pursuance of a preconceived intent existing when the policy was taken out, does not, in the absence of a provision for forfeiture in such case, constitute a defense as against the beneficiary named in the policy, and the fact that the company was organized under chapter 65, Twenty-first General Assembly and, therefore, the assured had a right with the permission of the company to change the beneficiary without the original beneficiary's consent does not change the rule, the policy benefit being taken by contract and not inheritance, and no change of beneficiary having been made.

SAME: A secret intent on the part of insured at the time of taking out a policy on his life to commit suicide, vitiates the policy even as against the beneficiary named therein although there is no provision for forfeiture in case of suicide.

**Pleading:** SETTING OUT INSURANCE APPLICATION. Under Acts Eighteenth ,General Assembly chapter 211, section 2, providing that insurer cannot, in an action on a policy, plead or prove the application therefor, unless it be attached to the policy, an answer, in an action on a policy, setting up fraud in the application therefor, is insufficient unless it shows that the application was attached to the policy.

JUDGMENT UPON. Where the answer, in an action on a policy, contains a general denial and a denial of plaintiff's ownership, it is error to summarily enter judgment upon the pleadings, without proof of plaintiff's claim.

DENIAL: *Construction of.* An answer in an application on a life policy does not deny the death of assured by merely denying that he died on the day stated in the complaint, his death being admitted in other portions of the answer.

**Appeal:** REPLEADING: *Waiver.* By repleading matter in answer after it has been stricken, defendant does not waive exceptions to the ruling in striking such matter, even if the exceptions to the ruling on the new answer are not available on appeal from the first ruling, but can present the exceptions to the ruling on appeal from the final judgment.

FILING ABSTRACT: *Dismissal.* After argument on the merits, an appeal will not be dismissed, as of course, because of failure to file the abstract within the time fixed by the rules.

NOTICE OF: *Sufficiency*  A notice of appeal which notifies the plaintiffs that defendant appeals from the "rulings and judgments" of the district court rendered on certain specified dates is sufficient to admit of appellant presenting its exception to the final judgment although such judgment was not rendered at either of the dates specified, where one of the dates is a mistake, no ruling or judgment appearing to have been made or rendered on that date.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

SATURDAY, APRIL 8, 1899.

ACTION upon a policy of life insurance. There was a judgment in plaintiff's favor. Defendant appeals.— *Reversed.*

*A. H. Evans* and *Carr & Parker* for appellant.

*Frank P. McGinn* for appellee.

WATERMAN, J.—The petition states a cause of action upon a policy of insurance issued by defendant company upon the life of one Henry Parker, and payable, in the event of loss, to plaintiff. Defendant answered, setting up various defenses in different paragraphs or divisions of its pleading. The first paragraph contained a general denial, except as to admissions specially made; the second, an admission of defendant's corporate capacity; the third, a denial, upon information and belief, of Parker's death "on the 11th day of November, 1895," and of plaintiff's ownership of the policy. The fourth division of the answer sets up the falsity of certain answers made by Parker to questions contained in the application for such insurance. Division 5 contains a charge that Parker's death was caused by his own willful and voluntary act; and in division 6 it is averred that Parker applied for and procured the policy in suit with the fraudulent intent to commit suicide. Later, this answer was amended by adding an allegation that defendant company

was incorporated as a mutual benefit association, under
Acts Twenty-first General Assembly, chapter 65. Plaintiff
filed a motion to strike out all of the fourth, fifth, and sixth
divisions of the answer, upon the following grounds: "All of
the fourth, fifth, and sixth paragraphs,—that is to say, all that
portion of defendant's answer beginning with the first word in
the first line on the second page of said answer and ending with
the word 'void' in the fifteenth line of the sixth paragraph
on the fourth page of said answer,—and also the application
attached to said answer, which is made a part thereof:   (1)
All the averments and allegations in said fourth paragraph
constitute a pleading or pleadings based upon a written
application alleged to have been signed by the said insured
and given to said company, in consideration and upon the
faith of which the policy sued upon in this action was issued
to said Henry Parker, and that neither said application, nor
a copy thereof, was ever attached to said policy nor indorsed
thereon.   (2) All the averments and allegations in the fifth
paragraph of defendant's answer are immaterial, irrelevant,
incompetent, and constitute no defense, nor any part of a
defense to plaintiff's petition.   (3) That all the averments
and allegations in the sixth paragraph of said answer are
immaterial, irrelevant, incompetent, argumentative, and
matters of evidence.   (4) That the application, a copy of
which is attached to said answer, nor a copy thereof, is not
now, and never was, attached to said policy nor indorsed
thereon.   (5) Plaintiff specially moves that the following be
stricken out of defendant's amended and substituted answer,
viz.:   All of that portion of said answer beginning with the
word 'are,' in the twenty-second line of the fourth paragraph
of the second page, and ending with the word 'no,' in the
second line of the third page of said answer, for the reason
that the same is immaterial, irrelevant, redundant, and
matter of evidence."   The last ground refers to the answers
given by Parker in his application for the policy.   By agree-
ment this motion was to stand both as a motion and a

demurrer. It was sustained by the court, and defendant's exception to the ruling was duly entered. Thereafter, substantially the same pleading was filed as a second amended and substituted answer. The only practical difference is that it contains the matter set up in the amendment to the first answer, in which it is averred that it is a mutual benefit association, doing business "[as provided in chapter 65 of the Acts of the 21st General Assembly of the State of Iowa]". This answer was attacked by motion to strike similar to the motion already set out, except that it also asks to have stricken the language which we have enclosed in brackets, and also the application attached to the answer, and, as an additional ground, charges that the matter set up is the same as was formerly pleaded. This motion was sustained as to divisions 5 and 6, which were the same as in the original answer, defendant excepting. Plaintiff then demurred to the fourth division, which is identical with the fourth paragraph of the original answer, and the demurrer was sustained, defendant again preserving its exception. Defendant refusing to plead further, judgment was rendered in plaintiff's favor for the amount claimed.

II.   It is first urged by appellant that there was enough remaining in the answer, after the motion and demurrer were sustained, to put plaintiff on proof of her claim, and that it was therefore error to render judgment in her favor. Appellant claims that the answer contains a denial of Parker's death, but to this we cannot assent. The third paragraph, to which reference is made, merely denies that Parker died on November 11, 1895. In other divisions of the same pleading his death is admitted. There was, however, remaining in the answer, a denial that plaintiff was the owner of the policy sued upon. It is insisted by appellee that the record is such that defendant is not entitled to make this point, for no appeal was taken from the judgment. The notice of appeal, omitting the caption, is as follows: "To Said plaintiff and

her Attorney F. P. McGinn, and J. H. Edens, Clerk of Said Court: You, and each of you, are hereby notified that said defendant hereby appeals from the rulings and judgments of the district court rendered on the 24th day of September, 1896, the 16th day of December, 1896, and the 28th day of April, 1897, respectively, to the supreme court of the state of Iowa. Dated, Clinton, Iowa, May 8, 1897. A. H. Evans, L. A. Ellis, and F. W. Ellis, Attys. for Defendant." On September 24, 1896, the order was made sustaining the first motion. December 16th the second motion was sustained in part, as we have stated. We find no order or judgment of date April 28, 1897. The demurrer was sustained, and judgment awarded, on the sixth of April, and the entry thereof was made on May 8th. Appellee claims that this does not show an appeal from the judgment. Notwithstanding the discrepancy in the dates, we think the notice sufficient to admit of appellant presenting here its exception to the judgment. *Kennedy v. Rosier,* 71 Iowa, 671. It was error for the trial court to summarily enter judgment, as though no pleading was on file for defendant, with defendant's general denial, and special denial of plaintiff's interest in the policy, still standing.

III. Appellee contends that, by pleading over after the ruling on the first motion, defendant has waived its right to be heard on the exceptions then taken, and, as we understand, it is also claimed there is no ground for complaint of the court's action on the amended and substituted answer, as that was but a re-pleading of matter which had been formerly stricken, and it was proper, on that ground, to strike the pleading from the files. But we are by no means sure that the court so treated this answer. It is true that in sustaining the motion the court said that divisions 5 and 6 were stricken, "on the ground that they were the same paragraphs which were stricken by Judge House." But he at the same time overruled the motion as to the fourth division, which was identical with the fourth

division of the original answer, to which the first motion to
strike was also sustained. However this may be, if the second
answer was, in its fourth, fifth, and sixth divisions, but a
re-pleading of matter which had before been stricken, it
would not constitute a waiver by defendant of its exception
to the rulings on the first motion, and the questions raised
by the attack on each of these pleadings are the same.
Defendant was not obliged to appeal directly from the ruling
on the first motion, but was entitled to proceed to judgment,
and present its exceptions to the intermediate orders, on
appeal from the final result. *Jones v. Railroad Co.,* 36
Iowa, 68.

IV.  It is insisted by appellant that, as it does not
affirmatively appear in the answer that a copy of the appli-
cation was not indorsed upon, or attached to, the policy, as
required by section 2, chapter 211, Acts Eighteenth General
Assembly, it was error to sustain the demurrer to the defense
set up in the fourth division. The thought seems to be that
the burden was on plaintiff to show that this statute was not
complied with. This section, after requiring insurance com-
panies to indorse upon, or attach to, each policy the applica-
tion made therefor, says, "The omission so to do shall not
render the policy invalid, but if any company or association
neglects to comply with the requirements of this section, it
shall forever be precluded from pleading, alleging or proving
such application or representations or any part thereof
*    *    *   in any action on such policy   *    *    *"
The indorsement of a copy of the application upon
the policy, or its attachment thereto, being thus made
a necessary foundation for pleading the falsity of statements
made therein, it follows that defendant must supply this
basis by an allegation that the requirements of this statute
have been complied with. This not being done in the answer,
the demurrer was properly sustained.

V.  The fifth division of the answer sets up as a defense
the suicide of the assured. In the case of *Seiler v. Associa-*

*tion,* 105 Iowa, 87, we held that the suicide of the assured would not operate to avoid the policy as against a beneficiary named therein, where, as here, the policy contained no provision of forfeiture in such case. It is sought to distinguish that case from the one at bar, on the ground that the defendant here is an assessment company organized under chapter 65, Acts Twenty-first General Assembly, and that the assured had a right, under the law, with the permission of the company, to change the beneficiary without the latter's consent. We are not able to see that this distinction alters the principle announced in the *Seiler Case.* This policy was made payable to plaintiff. It does not appear that any change of beneficiaries was ever made. Upon Parker's death, plaintiff took by contract, and not by inheritance from the assured. This view has support in *Patterson v. Insurance Co.,* 100 Wis. 118 (75 N. W. Rep. 980), where a similar question was passed upon, and in which the court says: "Such a beneficiary has an actual subsisting interest in the policy, subject to the right of the insured who has paid the premiums to vest it elsewhere; but, until such action by the assured, the interest of the beneficiary is such a vested, subsisting interest as would pass to the administrator of the beneficiary in case of his death. Such being the case, it falls directly within the principle of the New York and Minnesota cases [there referred to], which hold that, as against such a beneficiary, suicide is not a defense, in the absence of a provision in the policy." The principle upon which we rested the decision in the *Seiler Case* controls here. Plaintiff's interest was acquired by contract. The fact that it could have been devested by the assured does not matter, for that was not done. This case, as well as the *Seiler Case,* is to be distinguished from *Ritter v. Insurance Co.,* 169 U. S. 139 (18 Sup. Ct. Rep. 300), relied upon by defendant. We need not repeat what is said on this subject in the *Seiler Case,* but we avail ourselves of the opportunity to add to the authorities there cited,

in support of the conclusion reached, not only the Wisconsin case from which we have quoted, but also *Morris v. Assurance Co.,* 183 Pa. St. 563 (39 Atl. Rep. 52). Both of these cases appeared after the opinion in the *Seiler Case* was filed. The motion to strike this division of the answer was properly sustained.

VI. The sixth division of the answer set up fraud on the part of Parker in procuring the policy. It was alleged that he secured the same with the intent at the time to commit suicide. It needs no argument to show that a secret intent of this kind would amount to a fraud; and, as fraud vitiates all contracts, this defense, if established, would defeat a recovery on the policy. Being void in its inception, no rights would accrue under the contract to any person. *Patterson v. Insurance Co., supra.*

VII. Appellee's motion to dismiss the appeal is not well taken. What we have already said will indicate, in part, our reasons for this ruling. We only need add that the assignments of error are sufficiently specific, and that, after argument on its merits, an appeal will not be dismissed, as a matter of course, because the abstract of record is not filed within the time fixed by the rules of this court. For the reasons assigned the judgment will be REVERSED.