## J. J. WEICHER v. S. S. CARGILL.[1]

January 18, 1901.

Nos. 12,312—(201).

| 82 | 265 |
|----|-----|
| s86 | 272 |

### Breach of Contract—Judgment on Pleadings.

*Held*, in an action brought to recover damages for an alleged breach of a contract, that the court below erred when ordering judgment for defendant on the pleadings.

[1] Reported in 84 N. W. 1007.

Action in the district court for Hennepin county to recover $20,000 damages for breach of contract. The case came on for trial before Pond, J., who granted a motion for judgment in favor of defendant on the pleadings. From a judgment entered pursuant to the order, plaintiff appealed. Reversed.

*Robert Christensen* and *W. A. McDowell*, for appellant.

*Alexander McCune* and *Daniel Fish*, for respondent.

COLLINS, J.

On motion of defendant, judgment on the pleadings was entered in this action; said motion having been made after the cause had been brought on for trial. These pleadings consisted of a complaint, answer, and reply.

It is well settled that, where such a motion is made at the trial, the pleadings must be liberally construed. Every fact, well pleaded by the opposite party, must be taken to be true, and most strongly construed in favor of the latter. The plaintiff was entitled to the benefit of every intendment and inference which the jury might legitimately draw from the allegations in both complaint and reply.

On the pleadings it stood conceded that on April 11, 1899, plaintiff and defendant entered into a contract whereby the latter was given the option to form a stock company to operate a mining mill then owned by plaintiff, in Colorado. It was agreed that the company, when formed, should pay to a certain bank $6,500, to apply on plaintiff's note held by the bank, whereupon he was to cause the mill in question to be released from a mortgage thereon, given to secure the note, and was to cause the bank to transfer to the company a certain paid-up three-years lease. It was also stipulated that defendant was to raise, by the sale of stock shares in the company or otherwise, $6,000, which was to be used in the enlargement of the mill, and, further, that, after selling sufficient shares to raise the sum of $12,500 above referred to, the balance of shares was to be divided equally by and between both parties. This agreement was subsequently modified so that the amount of money to be raised by the defendant for the enlargement of the mill was increased to such an amount as should prove necessary to adapt it to the purpose in view in forming the company, esti-

mated at from $11,000 to $15,000 in excess of the $6,000 first agreed upon.

It was alleged in the complaint that there was a further modification, in effect, that there should be no division of stock shares until sufficient had been sold to raise and repay to defendant such sums as he had advanced or used. It was also alleged that defendant availed himself of the option mentioned on May 6, 1899, and elected to and did form the stock company in accordance with the terms of the contract; that for the purpose of enlarging the mill as contemplated, and at defendant's special request, plaintiff secured the services of a consulting architect and engineer; that he caused the old mill to be demolished; that he had paid the architect and engineer for his services a certain sum of money, which sum had been agreed upon as compensation by defendant; and there were further allegations as to damages suffered by plaintiff. It was also alleged that, except as to the formation of the company, the defendant had wholly and utterly neglected and refused to carry out or comply with his part of the contract.

The principal issue raised by the answer was as to the allegations of the complaint that the defendant had exercised his option to form, and had formed, a stock company; it being expressly asserted that he had not, but, upon the contrary, had expressly refused to proceed in any manner. If defendant properly exercised the option given him by the terms of the contract, and accepted the proposition, he became obligated to perform as agreed upon, in case he exercised such option. His legal duties and obligations then became fixed and definite, and, if he refused to observe them, plaintiff was entitled to damages as for breach of contract. We need not specially refer to the allegations in the complaint, and in issue on the pleadings, as to plaintiff's employment of an architect and engineer at defendant's express request, and at a compensation agreed on by him, which had been paid by plaintiff. We are not prepared to say that all of the damages alleged in the complaint can be recovered, but it is evident that there were issues for trial in the regular way, and that judgment ought not to have been ordered for the defendant on the pleadings.

Judgment reversed.