HENRY J. SHARP et al., Appellants, v. EMMA J. GARESCHE, Respondent.

**St. Louis Court of Appeals, November 19, 1901.**

Legal Tender. When money had been paid to a person before death, and had not been paid over by him to persons to whom it belonged, there is a liability on the part of his estate to the latter, and a tender of the amount to such persons made by the executrix of the estate, after the money had come into her hands as assets of the estate is good.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

This case was decided on the following agreed statement of facts:

"It is admitted by the parties to this case that Edmond A. B. Garesche was a practicing attorney in the city of St. Louis in the year 1898, and for many years prior thereto; that prior to his death he was the attorney for the plaintiffs in the present suit, in a partition suit pending in Lincoln county, Missouri; that said suit was determined, and, on the sale of the property, the sheriff, as special commissioner, appointed to make the sale, had collected a certain amount of money belonging to Garesche's clients, the plaintiffs, to-wit,

$1,509.85; that on January 19, 1898, said Garesche drew a draft on said sheriff for said amount, and deposited the same in bank for collection, and it was paid after said Garesche had left the city of St. Louis on a business trip to the city of New York, where he died; that on leaving the city of St. Louis he left with his clerk, Miss Carroll, blank checks signed by himself to be used by her in drawing out funds from his account to meet necessary expenses; that the proceeds of said draft were placed, when received in St. Louis on January 21, 1898, in said Garesche's general amount in the Boatmans' Bank; that this said clerk, Miss Carroll, paid out some amounts in the business, and finally drew a check covering the full amount standing in the name of said Garesche in said bank, and placed the same in her own name in said bank, and almost immediately, that is, prior to January 30, 1898, drew her own check in favor of Mrs. Emma J. Garesche, the defendant therein, for the full amount of all of said amounts deposited in her name that were taken from the account of said Garesche; that Mrs. Emma J. Garesche used from her account in said bank, which included the funds in controversy, as she needed money without knowing that any of said funds belonged to the plaintiffs, or to any other person; that Edmond A. B. Garesche died January 30, 1898, and this defendant qualified as executrix of his estate in February or March, 1898; that after the issuance of letters to her as executrix, she learned that $1,509.85 of said funds which had been placed in her account, were the proceeds of collections made by said Garesche of moneys belonging to these plaintiffs; that thereupon, she filed in the probate court, as executrix, an additional inventory, charging herself with said fund of $1,509.85 and stating that it belonged to plaintiffs, and secured an order of court directing her to pay to the plaintiffs said sum of $1,509.85, together with interest from the date in January when said funds were received, in the city of St.

Louis, to the date of payment, making $1,618.24; that the additional inventory, setting forth that the $1,509.85 was the property of the plaintiffs, was filed on March 13, 1899, and on the same day said order to pay the same to plaintiffs was procured; that after this suit was brought, to-wit: on April 6, 1899, the following tender was made in writing, viz.:

" 'St. Louis, Missouri, April 6, 1899.

" 'I, Alexander Garesche, as attorney for Emma J. Garesche, executrix of the estate of Edmond A. B. Garesche, do hereby tender to William B. Thompson, attorney for Henry J. Sharp et al., the sum of $1,618.24, lawful money of the United States, being the amount of a collection made from the sheriff of Lincoln county, Missouri, January 22, 1898, of $1,509.85, together with six per cent interest for fourteen and one-half months.

" 'ALEXANDER GARESCHE,

" 'Attorney for Emma J. Garesche.'

"That this tender was for the amount properly due at that time; that thereupon Mr. Thompson, the attorney for plaintiffs in this case, wrote upon said written tender the following:

" 'I, William B. Thompson, acknowledge that the above tender was made to me on the sixth day of April, 1899, and by me declined, because I had no authority to accept the same.

" 'WILLIAM B. THOMPSON.'

"That his refusal of the amount was due solely to the fact that it was made by the defendant as executrix; that the only question between the parties is as to the running of the interest, the plaintiffs claiming the interest runs from the time that Mr. Garesche received it, and the defendants, up to the time the tender was made.

"Defendant has always been ready and willing to pay said sum so tendered and now offers and tenders the same to plaintiffs and offers to pay the same into court for plaintiffs."

*W. B.* and *Ford W. Thompson* for appellants.

(1) The right of appellants to recover the trust funds in this case is sustained by the following authorities: Brick Co. v. Schoeneich, 65 Mo. App. 283; Evangelical Synod v. Schoeneich, 143 Mo. 652; Pundman v. Schoeneich, 144 Mo. 149; Ulrici et al. v. Boeckeler, Ex'r, 72 Mo. App. 661. The respondent had no power to transfer these trust funds to herself as executrix, and to discharge herself in any manner of the personal liability which she incurred by reason of the reception and use of the trust funds. Tiernan, Ex'r, v. Security Building & Loan Association, 152 Mo. 135. (2) The rule that an executor or administrator represents only the testator or intestate, and that he can not impeach the latter's acts, excludes him from claiming more than the testator or intestate could have done while living, and estops him from asserting that this money is a part of the estate to be administered by him. Brown v. Finley, 18 Mo. 375; George v. Williamson, 26 Mo. 190; Cheely v. Wells, 33 Mo. 106; Merry v. Freeman, 44 Mo. 518; Jackman v. Robinson, 64 Mo. 292.

*R. L. McLaran* and *Chas. W. Bates* for respondent.

(1) A tender may be made by any one having an interest in the consequences of the tender. Kincaid v. School District, 11 Me. 189; 7 Wait's Actions and Defenses, 578; Gould v. Armagost, 46 Neb. 897; see, also, Kartright v. Cady, 21 N. Y. 343; 78 Am. Dec. 154; McDougald v. Dougherty, 11 Ga. 588. (2) The authority of an attorney to bring

suit for the collection of money is authority to him to receive payment of the money. Carroll County v. Cheatham, 48 Mo. 385. A tender to one authorized to receive money is equivalent to a tender to the person entitled to the money. McSniffe v. Wheelock, 1 Gray 604; Jackson v. Crofts, 18 Johns 113; Hanbie v. Volkenins, 49 How. Pr. 170.

GOODE, J.—We are not inclined to follow the appellants' counsel into the domain of the law in regard to pursuing trust funds. The point on which the tender made by the respondent, as executrix of her husband's estate, was refused, is too technical to require that labor of us. As soon as respondent ascertained that a part of the money which had been placed to her credit in the Boatmans' Bank by her husband's clerk, had been collected by him as attorney for the appellants, she filed an inventory in the probate court, charging herself with said fund as executrix, stating that it belonged to appellants, and secured an order from that court directing her to pay it to them, with interest thereon from the date when the collection was made to the date of payment.

We think the probate court did right in carrying this fund into the administration of the estate and immediately directing it, by a proper order, to be paid to those to whom it belonged. That was the best way to handle the matter. Certainly appellants would have had a good claim against the estate to collect it, even if they might also have proceeded in equity to have a trust declared against the respondent individually. Parker v. Straat, 39 Mo. App. 616. As the money had been paid to Mr. Garesche before he died, and had not been paid by him to the appellants, there was a liability on the part of his estate to them. The agreed statement of facts admits the attorney of appellants refused the tender solely because it was made by respondent as executrix. But

the tender was good after it had become assets of her husband's estate in her hands.

The judgment is affirmed.    All concur.