Fouts v. Pettigrew.

---

MARTHA JANE FOUTS v. CHARLES PETTIGREW *et al.*

**No. 13,418.**   (74 Pac. 1107.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Erroneous Judgment on Pleadings.* Where two separate and well-pleaded causes of action are united in one petition, and a general denial is filed by the defendants and also a good plea of a former adjudication as to one of the causes only, it is error for the court to sustain a motion for judgment upon the pleadings as to both causes of action.

Error from Elk district court;   G. P. AIKMAN, judge. Opinion filed January 9, 1904.   Reversed.

*Sol. L. Long*, and *R. H. Nichols*, for plaintiff in error. *John Marshall*, for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff brought this lawsuit on

19—68 KAN.

two causes of action : One for damages resulting to her by reason of a trespass committed upon her real estate and the destruction of her fences and trees ; the other to recover the value of a certain dwelling converted by the defendants. The defendants pleaded a general denial and also a former adjudication. The former adjudication went only to the second cause of action. The reply admitted the former proceedings, but denied the jurisdiction of the court. After the issues were thus joined the defendants moved the court for judgment upon the pleadings. This motion was sustained and judgment rendered for defendants.

The answer of the former adjudication clearly showed that the justice of the peace who tried the cause had jurisdiction of the parties and of the subject-matter, and that the dwelling-house which was sought to be recovered by the plaintiff in that action was the same for the value of which she sought to recover in this action. The subject-matter of the first cause of action was in no way involved in the replevin action. That was an action in replevin for the dwelling-house, which at the time was alleged to be in the possession of defendants upon the public highway, and for damages for the wrongful detention thereof. The first cause of action alleged in the petition in this case was for trespass upon the plaintiff's real estate and the destruction of certain fences and growing trees thereon. An issue of fact was joined upon this cause by the denial filed by the defendants. It was error for the court to render judgment against the plaintiff as to that cause of action.

The defendants in error attack the jurisdiction of this court on the ground that Kate May Pettigrew, one of the defendants in the court below and who will be materially affected by a reversal of the judgment

Fouts v. Pettigrew.

of that court, has not been made a defendant in this court. The record shows that all the other defendants answered separately, but it does not show that this defendant answered or appeared in any way. It is claimed, however, that the journal entry sustaining the defendants' motion for judgment upon the pleadings shows that she appeared in that motion. This contention is not sustained by the record. This journal entry reads:

"Now, on this 6th day of February, 1902, this case comes on for hearing on the oral motion of the defendants for judgment for said defendants on the pleadings in said cause. And come said defendants by L. Scott, their attorney, and comes said plaintiff by Sol. L. Long, one of her attorneys."

Previous to this Scott appeared for the other defendants who answered in the cause, but had not appeared in any way for this particular defendant. This court will presume, in the absence of any showing, that the defendants named in the journal entry were the defendants for whom he appeared, and not those for whom he had not previously appeared. The motion is overruled.

The cause is remanded, with instructions to the court below to set aside the judgment rendered and to overrule the motion for judgment upon the pleadings.

All the Justices concurring.