## BOARD OF COMMISSIONERS OF THE COUNTY OF LAKE *v.* STATE OF INDIANA, EX REL. REED ET AL.

[No. 21,936. Filed June 6, 1913.]

1. APPEAL.—*Ruling on Demurrer.—Waiver of Error.—Briefs.*—Any question on the action of the trial court in overruling a demurrer is waived by appellant's failure to set out the demurrer or its substance in the brief. p. 646.

2. APPEAL.—*Assignment of Errors.—Form.*—Assignments that "the court erred in rendering judgment on the pleadings" and that "the judgment is contrary to law" are too general to present any question for consideration on appeal. p. 646.

3. APPEAL.— *Review.— Complaint.— Sufficiency.—* A complaint is good as against an attack made for the first time on appeal, if it is sufficient to bar another action for the same cause. p. 646.

4. APPEAL.—*Review.—Ruling on Motion to Make Specific.*—The refusing of a motion to make a pleading more specific is so far within the discretion of the trial court that, on appeal, a reversal on that ground will not follow unless the rights of the complaining party have suffered. p. 647.

5. MANDAMUS.—*Subjects of Relief.—Action on Claims by Board of County Commissioners.—Other Remedies.*—Although a writ of mandamus will lie to compel a board of county commissioners to take action on claims against the county that have been properly presented to the board, in cases, other than those arising

under §5956 Burns 1908, Acts 1899 p. 343, providing that claims for work conducted under the supervision of any architect shall not be allowed until the same have been properly certified by such architect, when a board of county commissioners has taken jurisdiction over a claim, and has acted on it in whole or in part, its jurisdiction is ended and the aggrieved party has his remedy either by appeal to the circuit court, or by an independent action against the county. p. 648.

6. MANDAMUS.—*Action to Compel Allowance of Claim.—Complaint.—Divisibility of Claim.—Inferences.*—Since §5956 Burns 1908, Acts 1899 p. 343, provides that claims for work conducted under the supervision of any architect shall not be allowed until the same have been properly certified by such architect, in an action to mandate the board of county commissioners to allow a balance claimed to be due for construction work, where the contract provided for partial payments from time to time as the work progressed, and the complaint shows that the board at different meetings allowed certain parts of the plaintiff's final claim, it may be reasonably inferred that such final claim was divisible and that action was taken on the several items thereof as they were approved by the architect. p. 648.

7. PLEADING.—*Judgment on Pleadings.—Issues of Fact.—General Issue Untried.*—A judgment on the pleadings cannot be entered where there is an issue of fact framed thereby or where there is a general issue untried. p. 649.

8. PLEADING.—*Answer.—General Denial.—Sufficiency.*—An answer denying "each and every material allegation of the complaint" is not insufficient, although it is better form to omit from such denial the word "material." p. 649.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by the State of Indiana, on the relation of John Wesley Reed and Edwin W. Bump, partners, doing business under the firm name and style of Reed-Bump Construction Company, against the Board of Commissioners of the County of Lake. From a judgment for relators, the defendant appeals. *Reversed.*

*J. Frank Meeker*, for appellant.
*William J. Whinery*, for appellee.

SPENCER, C. J.—Action by appellees to mandate appellant to allow or disallow a balance claimed by appellees to be due them on a contract for the construction of a certain public

building.    Issues were joined on appellees' complaint and appellant's general denial and two paragraphs of affirmative answer.    Appellees then moved for a judgment in their favor on the pleadings, which motion was sustained and this appeal taken.

Appellant has failed either to set out in its brief a copy of the demurrer which was addressed to appellees' complaint or to state the substance thereof and any question arising out of the trial court's ruling on such demurrer is therefore waived.    *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090; *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 72 N. E. 869, 6 Ann. Cas. 607; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 67 N. E. 183.    The assignments that "the court erred in rendering judgment on the pleadings" and that "the judgment is contrary to law" are too general to present any question for our consideration.    *Seisler* v. *Smith* (1898), 150 Ind. 88, 46 N. E. 993; *McGinnis* v. *Boyd* (1896), 144 Ind. 393, 42 N. E. 678; *Clayton* v. *Blough* (1884), 93 Ind. 85.

The only assignments properly presenting any question for review are as follows:    (1) Appellees' complaint does not state facts sufficient to constitute a cause of action against appellant; (2) the trial court erred in overruling appellant's motion to make appellees' complaint more specific, and (3) the court erred in sustaining appellees' motion for judgment on the pleadings.    Of these assignments, the first and second may be disposed of by applying the following well-established rules as laid down by this court.    (1) A complaint sufficient to bar another action for the same cause is good as against an attack made for the first time on appeal.    *Bedford Belt R. Co.* v. *Brown* (1895), 142 Ind. 659, 42 N. E. 359; *Scudder* v. *Jones* (1893), 134 Ind. 547, 32 N. E. 221; *Burkhart* v. *Gladish* (1890), 123 Ind. 337, 24 N. E. 118.    (2) The refusing of a motion to make a

pleading more specific is so far within the discretion of the trial court that, on appeal, a reversal on that ground will not follow unless the rights of the complaining party have suffered. *Leimgruber* v. *Leimgruber* (1909), 172 Ind. 370, 374, 86 N. E. 73, 88 N. E. 593; *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202, 204, 20 N. E. 122.

The principal question to be determined by this appeal is, Did the trial court err in sustaining appellees' motion for judgment on the pleadings? Omitting many details not necessary for a determination of this question, it appears from the complaint, in substance, that the relators in this case, hereinafter referred to as appellees, are copartners, doing business as the Reed-Bump Construction Co.; that on July 18, 1908, they entered into a contract with appellant to build an addition to and reconstruct certain portions of the Lake County jail, the contract price for such work being $45,040; that appellees entered upon the performance of said contract and did perform all things on their part to be performed thereunder; that during the progress of the work appellant allowed certain payments to appellees in accordance with the terms of said contract; that on June 1, 1910, appellees filed with appellant their final claim and estimate showing a balance due them under said contract in the sum of $6,919; that up to and including March 1, 1911, appellant allowed of this balance the sum of $5,419, leaving a remaining balance of $1,500, which remaining balance appellant "then and there refused, and still refuses to either allow or disallow," or any part thereof. Then follow allegations showing that the claim is long past due, that a demand has been made, and that the county council of Lake County has duly appropriated funds liable for the payment of said claim and sufficient to pay any and all claims arising out of said contract. The prayer for an alternative writ of mandate is that appellant be ordered "to either allow or disallow these relators' said claim." To this complaint appel-

lant filed a general denial and two paragraphs of affirmative answer in which it is alleged, in substance, that appellees failed and neglected to perform certain conditions required of them by the terms of said contract.

A writ of mandamus will lie to compel a board of county commissioners to take action on claims against the county when such claims are properly presented to said board. §1225 Burns 1908, §1168 R. S. 1881. 26 Cyc. 313; Merrill, Mandamus §111; *Henderson* v. *State, ex rel.* (1876), 53 Ind. 60; *People, ex rel.,* v. *Board, etc.* (1871), 45 N. Y. 196. But §5956 Burns 1908, Acts 1899 p. 343, provides that "In all cases where a claim is filed upon a contract with said commissioners for work to be conducted under the supervision of * * * any architect * * * appointed by said commissioners, said board shall not allow such claim until such * * * architect * * * shall certify in writing upon said claim that the work therein mentioned has been performed according to contract, and that the amount of said claim is due and owing by the terms of said contract." In cases other than those arising under this statute it is the rule that when a board of county commissioners has taken jurisdiction over a claim and has acted upon it, in whole or in part, its jurisdiction therein is ended and the aggrieved party has his choice of two remedies only: (1) an appeal to the circuit court, or (2) an independent action against the county. *Western Construction Co.* v. *Board, etc.* (1912), 178 Ind. 684, 98 N. E. 347, and cases cited. But in the case at bar the contract specifically provided that partial payments should be made to appellees on claims filed by them from time to time as the work progressed, while the statute, *supra,* required that, as a prerequisite to any action by appellant on such claims, it must appear that the architects under whose supervision the work was done had certified to the correctness

thereof. From the allegations of the complaint it appears that appellant allowed certain parts of appellees' final claim at different meetings of said board, which fact, when considered in connection with the provisions of the contract, leads to the fair and reasonable inference that such final claim was divisible and that action was taken on the several items thereof as they were approved by the architects. *Domestic Block Coal Co.* v. *DeArmey* (1913), *ante* 592, 100 N. E. 675, 102 N. E. 99.

Appellees alleged that the claim here in question was properly certified but this allegation was met both by appellant's general denial and by specific averments contained in the second and third paragraphs of answer.

7. A judgment on the pleadings cannot be entered where there is an issue of fact framed thereby. *Weicher* v. *Cargill* (1901), 82 Minn. 265, 84 N. W. 1007; *Noland* v. *Owens* (1903), 13 Okla. 408, 74 Pac. 954; *Swinchart* v. *Pocatello Meat, etc., Co.* (1902), 8 Idaho 710, 70 Pac. 1054. Whether the second and third paragraphs of appellant's answer are sufficient we need not determine for the same issues were raised by the general denial, and a judgment for the plaintiff where there is a general issue untried is error. *Talbott* v. *Armstrong* (1860), 14 Ind. 254; *Custer County* v. *Western Ranches* (1898), 97 Fed. 483, 38 C. C. A. 298; *Parker* v. *Des Moines Life Assn.* (1899), 108 Iowa 117, 121, 78 N. W. 826; *Fouts* v. *Pettigrew* (1904), 68 Kan. 289, 74 Pac. 1107; *Bryant* v. *Davis* (1899), 22 Mont. 534, 57 Pac. 143; *Frost* v. *Hammatt* (1831), 11 Pick. (Mass.) 70, 75. Appellees assert, however, that an 8. answer which denies "each and every material allegation of the complaint", is insufficient. While it is better form in pleadings to omit from such denial the word "material," yet the answer must be held good.

Judgment reversed, with instructions to the lower court to overrule appellees' motion for judgment on the pleadings

and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 102 N. E. 97. See, also, under (1) 2 Cyc. 1014; (2) 2 Cyc. 997, 998; (3) 31 Cyc. 771; (4) 31 Cyc. 644; (5) 26 Cyc. 311; (6) 26 Cyc. 425, 428; (7) 31 Cyc. 608; (8) 31 Cyc. 195. As to mandamus, at suit of a private person, to compel public officers to perform duty, see 7 Am. St. 484.