NOVEMBER TERM, 1919. 69

Haskell, etc., Car Co. *v.* Logermann, Admx.—71 Ind. App. 69.

## Haskell and Barker Car Company *v.* Logermann, Administratrix.

[No. 9,915.   Filed June 27, 1919.]

1. **Appeal.**—*Review.*—*Ruling on Motion to Make Complaint More Specific.*—In an action for wrongful death, where each paragraph of the complaint, when considered as an entirety, so definitely pleaded defendant's negligence that the precise nature of the charge could not be misunderstood, there was no reversible error in overruling defendant's motion to make the complaint more specific. p. 72.

2. **Master and Servant.**—*Injuries to Servant.*—*Action.*—*Complaint.*—*Sufficiency.*—In an action against the master for the death of a servant due to the alleged negligent operation of a wood-working machine, complaint under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), *held* sufficient as against demurrer for want of facts. p. 73.

3. **Death.**—*Wrongful Death Recovery.*—*Common Law.*—*Statute.*—At common law there could be no recovery for death by wrongful act, but such an action is authorized by §285 Burns 1914, Acts 1899 p. 405. p. 74.

4. **Death.**—*Actions.*—*Right of Action.*—*Release from Decedent.*—An action by a personal representative under §285 Burns 1914, Acts 1899 p. 405, for the wrongful death of his decedent, will be barred if such decedent in his lifetime made a valid settlement for the injuries which resulted in his death. p. 75.

5. **Insane Persons.**—*Release for Personal Injuries.*—*Validity.*—*Absence of Judicial Determination.*—A contract of settlement for personal injuries made by an employer with a servant of unsound mind, but who has not been judicially so determined, is voidable only. p. 75.

6. **Death.**—*Wrongful Death.*—*Actions.*—*Release by Injured Insane Person.*—*Right of Action by Personal Representative.*—Where an injured servant while of unsound mind entered into a contract of settlement with his employer he had, at the time of his death, a right of action for his injuries which could have been maintained through his guardian, since the settlement was voidable, and after his death from such injuries his legal representative could prosecute an action under §285 Burns 1914, Acts 1889 p. 405, authorizing a recovery for wrongful death. p. 75.

7. **Tender.**—*Validity.*—*Voidable Contract.*—*Administrator's Right of Disaffirmance.*—A valid tender may be made by an adminis-

trator of a decedent's estate when necessary to disaffirm a contract entered into by decedent in his lifetime. p. 75.

8. DEATH.—*Death by Wrongful Act.—Release from Decedent.—Disaffirmance.*—Where an injured servant entered into a contract of settlement with an employer for injuries which later resulted in his death, it will be presumed, in the absence of a showing to the contrary, that, if the administratrix of his estate took money from its assets to make a tender on disaffirming such contract, she acted in compliance with an order of court, and, if she acted without such an order, the presumption will be that as the legal representative in the settlement of the estate she had given a sufficient bond to protect the estate's interest, so that the employer in no event is in a position to complain. p. 75.

9. EVIDENCE.—*Action for Wrongful Death.—Conversations not Part of Res Gestae.—Admissibility.*—In an action under the Employers' Liability Act (Acts 1911 p. 145, §8020a et seq. Burns 1914), for the wrongful death of a servant, testimony by one of employer's two servants who had charge of the machine which injured decedent, detailing a conversation between himself and his coemploye and assistant after the accident tending to show the negligent operation of the machine, was inadmissible, since the conversation was not part of the res gestae. p. 76.

10. APPEAL.—*Review.—Harmless Error.—Refusal of Instructions.*—The trial court's refusal of requested instructions is not reversible error where such instructions are fully covered by others given by the court on its own motion. p. 77.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by .Emma Logermann, administratrix of the estate of John Logermann, deceased, against the Haskell and Barker Car Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*William A. McVey, Howard B. McLane, Jeremiah B. Collins* and *Cornelius R. Collins,* for appellant.

*Andrew J. Hickey, Norman F. Wolfe* and *Robert H. Moore,* for appellee.

REMY, J.—This is an action for damages for the death of appellee's decedent caused by the alleged negligence of appellant company, and is brought

under the Employers Liability Act. Acts 1911 p. 145, §8020a *et seq.* Burns 1914. The complaint is in two paragraphs. The allegations of the first paragraph, in so far as is necessary to a proper determination of the questions raised in reference thereto, are in substance as follows: On June 8, 1913, plaintiff's decedent, John Logermann, was in the employ of defendant company, a corporation, in its freight car factory as a laborer; that, at the time, defendant had in its employ in its said factory about 3,000 men; that located in its said factory building was a machine used for cutting tenons in pieces of wood to be used for rafters in making roofs for cars; that attached to said machine were revolving knives which cut such tenons; that said knives were turned by electric power, and could be, and were, raised and lowered by the operator of the machine as it became necessary in doing the work; that said knives when in motion moved with such great force that pieces of timber which were being cut by the revolving knives had to be placed into the machine and fastened with set screws to prevent them from being caught and thrown from the machine by the movement of the revolving knives, and that it was the duty of defendant's employes operating the machine so to fasten the pieces of timber; that at said time plaintiff's decedent was in the course of his employment, and pursuant to immediate orders of the foreman of defendant company, to whose orders he was bound to conform, and did conform, carrying boards to said machine, there to be worked up; that while he was so carrying said boards, and without any fault or negligence on his part, a piece of timber was caught by the revolving knives and thrown with great force against said decedent, striking him between the hips and shoulders,

and severely injuring him, all because and as a result of the negligence of defendant's employes who in the line of their employment had charge of and were operating said machine, in this, that they had negligently sought to cut tenons in the piece of timber without first securely fastening the same with the set screws provided for that purpose; that as a result of his injuries the nervous system of plaintiff's decedent was completely shattered, his spine injured, his mind affected, etc., resulting in his death; that decedent left surviving him his widow and four children. The second paragraph is identical with the first, excepting that the second paragraph charges that, through the negligence of defendant's said employes who were operating the machine, a large pile of wood was permitted to accumulate around the machine, thus preventing the said set screws, which, as aforesaid, were provided to hold said pieces of timber in place, from serving the purpose for which they were intended, and as a result the piece of timber was not securely fastened, was caught by the revolving knives, and thrown with great force, etc.

The first error assigned and presented by appellant is that the court erred in overruling appellant's motion to make each paragraph of the complaint more specific. When each paragraph is read as an entirety, it is clear that the facts constituting appellant's negligence are so definitely pleaded in each paragraph that the precise nature of the charge cannot be misunderstood. There was no reversible error in overruling appellant's motion to make the complaint more specific. *Jackson Hill Coal Co. v. Van Hentenryck* (1918), 69 Ind. App. 142, 120 N. E. 664; *Board, etc. v. State, ex rel.* (1913), 179 Ind. 644, 102 N. E. 97.

NOVEMBER TERM, 1919. 73

Haskell, etc., Car Co. *v.* Logermann, Admx.—71 Ind. App. 69.

It is urged that neither paragraph of complaint states facts sufficient to state a cause of action, and, in its memorandum filed, appellant set forth 2. many reasons therefor. Under the rule laid down in the case of *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, and which has since been followed by the courts of appeal in this state, we are of the opinion that each paragraph of complaint stated a good cause of action. Each paragraph is sufficient to apprise a person of ordinary understanding of what he would be required to meet. *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681; *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 103 N. E. 802; *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633, 104 N. E. 76.

In addition to its answer in denial, appellant company filed two affirmative answers, each setting forth that appellee's decedent in his lifetime had, in consideration of ten dollars paid to him by appellant, released appellant company from all claims growing out of his injuries which in the complaint it is alleged caused his death. To these affirmative answers, appellee filed a reply in denial; also, what is denominated her amended second paragraph of reply, alleging that, at the time her decedent executed the release and made settlement of his claim, he was, and at all times thereafter until his death continued to be, a person of unsound mind and incapable of transacting ordinary business affairs; and that after her appointment as administratrix of the estate of the decedent, and immediately upon learning of the pretended contract, she as such administratrix, on December 9, 1915, on behalf of the estate notified

appellant company of the disaffirmance of the contract and release, and tendered to appellant ten dollars in gold, the total amount alleged in appellant's said reply to have been received by her decedent. A demurrer to this reply for want of sufficient facts was overruled, and this action of the court is assigned as error.

Appellant contends that the demurrer to the reply should have been sustained: (1) Because the pleading shows that decedent in his lifetime had settled the claim growing out of the accident, and that there was therefore no right of action and no warrant in law or in fact to make the tender; and (2) because the facts set forth in the reply show that the tender was made by appellee as administratrix, and not as the representative of the dependents under the statute. At common law there could be no recovery for death by wrongful act. The statute of this state authorizing an action of this character (§285 Burns 1914, Acts 1899 p. 405) is as follows: "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. The action shall be commenced within two years. The damages cannot exceed ten thousand dollars; and must inure to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

An action by a personal representative for the wrongful death of his decedent will be barred, if such decedent in his lifetime made a valid settlement for the injuries which resulted in his death. *Miller* v. *Kelly Coal Co.* (1909), 239 Ill. 626, 88 N. E. 196, 130 Am. St. 245; *Strode* v. *St. Louis Transit Co.* (1906), 197 Mo. 616, 95 S. W. 851, 7 Ann. Cas. 1084. See, also, *Hecht* v. *Ohio, etc., R. Co.* (1892), 132 Ind. 507, 32 N. E. 302; *Golding* v. *Town of Knox* (1914), 56 Ind. App. 149, 104 N. E. 978.

5. However, such a contract of settlement made with a person of unsound mind, but who has not been judicially so determined, is voidable only. See *Missouri, etc., R. Co.* v. *Brantley* (1901), 26 Tex. Civ. App. 11, 62 S. W. 94; *British Columbia Elec. R. Co.* v. *Turner* (1914), 49 Can. S. C. Rep. 470. Appellee's decedent, therefore, at the time of his death, if the allegations of the reply are true, had a right of action which through a guardian could have been maintained. It follows that after decedent's death his legal representative could prosecute an action under the above statute. That a valid tender may be made by an administrator of a decedent's estate, has frequently been decided by the courts. *Sharp* v. *Garesche* (1901), 90 Mo. App. 233. If it was necessary to disaffirm the contract made with decedent in his lifetime, the personal representative was the only one who, under the law, could have made the required tender. If the administratrix took money belonging to the assets of the estate, and on behalf of the estate made the tender, it will be presumed, in the absence of a showing to the contrary, that she acted in compliance with an order of the court. However, if she

had made the tender without an order of the court, it will be presumed that as the legal representative in the settlement of the decedent's estate she had given a sufficient bond to protect the estate's interests. In no event is appellant in a position to complain. It could make no difference to it whether the money came from the administratrix as trustee for decedent's widow and children, or from the personal estate.

The remaining error for our consideration is the court's action in overruling the motion for a new trial, the cause having been tried by a jury, resulting in a verdict for appellee in the sum of $3,000. Chief among the reasons urged for a new trial is the alleged error of the court in admitting certain evidence. Witness Werdin, after testifying that he was one of the two employes of appellant who had charge of the machine described in the complaint at the time decedent was alleged to have been injured, was permitted, over appellant's objection, to detail a conversation between himself and his coemploye, who was at the time assisting in the operation of the machine, which conversation tended to prove that appellee's decedent was severely injured, and also tended to prove that the machine was operated in a negligent manner. The conversation admitted in evidence took place after the accident, and was not a part of the *res gestae.* It is argued by appellee's counsel that since the act of 1911, *supra,* under which this action is brought, made the employer liable for the injuries caused by the negligence of the witness and his coemploye with whom the conversation was had, therefore the statements by them were competent. Such is not the law. The conversations or dec-

larations of employes which were not a part of the *res gestae* are not competent evidence, and the admission of the testimony complained of was reversible error.

Error is predicated on the refusal of the court to give certain instructions tendered by appellant. The instructions tendered which were competent were fairly covered by other instructions given by the court on its own motion. There was no reversible error in the court's refusal to give the instructions or any of them.

Other alleged errors are presented, but, since the cause must be reversed, it is not necessary to consider them. We have carefully examined the evidence, and from such examination we cannot say that the correct result was reached, and that the admission of the testimony above referred to was harmless.

Judgment reversed, with instructions to grant a new trial.