CHICAGO, TERRE HAUTE AND SOUTHEASTERN RAILWAY COMPANY v. BOYD.

[No. 9,996. Filed October 31, 1919. Rehearing denied February 19, 1920. Transfer denied March 30, 1920.]

APPEAL.—*Review.*—*Ruling on Motion to Make Complaint More Specific.*—*Personal Injuries.*—In an action against a railway company for injuries sustained by a fireman while shaking the fire grate of a locomotive where the complaint alleged that the grates were operated by means of a shaker bar, in one end of which was a hole which fitted over a shank on each of the grates, and that the bar and shank on one of the grates had become so worn, unsafe and defective that when such grate was being shaken by plaintiff the bar slipped from the shank, resulting in plaintiff's injury, *held* that the facts were pleaded with sufficient definiteness that the precise nature of the negligence charged could not be misunderstood, so that it was not error for the trial court to overrule a motion asking that the facts showing wherein the shaker bar was defective be more specifically alleged.

From Vermillion Circuit Court; *Barton S. Aikman* Judge.

Action by Harry D. Boyd against the Chicago, Terre Haute and Southeastern Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Beasley, Douthitt, Crawford & Beasley, Homer B. Aikman* and *William F. Peter,* for appellant.

*Miller & Pike* and *Ernest M. Gausey,* for appellee.

Chicago, etc. R. Co. *v.* Boyd—73 Ind. App. 118.

REMY, J.—This is an appeal from a judgment recovered by appellee for personal injuries sustained while in the employ of appellant company as a locomotive fireman.   The only error assigned which is properly presented for our consideration is the action of the trial court in overruling appellant's motion to make the amended second paragraph of complaint more specific.

The amended second paragraph of complaint charges in substance that appellee's injuries were sustained while he was engaged in the act of shaking the fire-grates in the locomotive on which he was at work; that said grates were operated by a shaker-bar constructed with a tapering hole in one end thereof which fitted over a square-cornered shank on each of the fire-grates; that the shank on one of the grates, and the shaker-bar which was used by appellee, had become worn, unsafe and defective in that when the bar was placed over the shank on one of the fire-grates, and sufficient force was applied thereto so as to shake the grate, the shaker-bar would slip from the shank, and render the operator likely to fall; and that at the time in question appellee who was operating the shaker-bar was, by reason of said defective conditions, caused to fall, resulting in the injuries of which he complains.   Appellant by its motion to make the complaint more specific asked that the court require plaintiff to allege the facts specifically showing wherein the shaker-bar referred to in said amended complaint was defective.   The trial court did not err in overruling the motion.   The facts were pleaded with sufficient definiteness that the precise nature of the charge of negligence could not have been misunderstood.   *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142, 100 N. E. 465; *Haskell, etc., Car Co.* v. *Logermann, Admx.* (1919), 71 Ind. App. 69, 123 N. E. 818.

Judgment affirmed.