CHARTERS ET AL. *v.* MILLER.

[No. 11,602.  Filed June 26, 1923.]

1. APPEAL.—*Perfecting.—Notice.—Time.*—Where, in an action against an individual and a bank, the former filed a motion for new trial, and a motion to modify the judgment by eliminating therefrom the provision entitling defendant bank to recover from him whatever it was required to pay on the judgment, and both motions were overruled on May 29, a notice of appeal served by the individual defendant on November 20, on the clerk of the court and other parties was within time.  p. 246.

2. APPEAL.—*Assignment of Error.—Sufficiency.*—An assignment of error that the judgment of the court is contrary to law is too general, and presents no question for review.  p. 246.

3. TRIAL.—*Amendment of Findings During Term.—Power of Court.*—The trial court may, at any time before adjournment for the term at which a judgment on special findings by it was rendered, modify the original findings, and enter judgment thereon.  p. 246.

4. JUDGMENT.—*Validity.—Determining Rights of Judgment Defendants as between Themselves.—Statutes.*—In an action against a bank and its cashier for money paid by plaintiff to the cashier, in which the bank filed a cross-complaint alleging that it never received the money from its cashier, and asking that it be found only secondarily liable for the payment of any judgment rendered in favor of plaintiff, a judgment against both defendants, which decreed that the cashier was liable to the bank for any amount it was compelled to pay plaintiff, was not objectionable as being outside the issues and the pleadings, and was proper in view of §594 Burns 1914, §568 R. S.

1881, authorizing the court, when justice requires it, to determine the ultimate rights of the parties on each side as between themselves. p. 247.

5. APPEAL.—*Review.*—*Findings.*—*Judgment.*— *Evidence.*— *Sufficiency.*—*Presumption.*—In the absence of the evidence, it is presumed on appeal that the trial court's finding and judgment is sustained by the evidence. p. 247.

From Miami Circuit Court; *Joseph N. Tillett*, Special Judge.

Action by Bettie M. Miller against Charles M. Charters and another. From the judgment rendered, the defendants appeal. *Affirmed.*

*Rhodes & Rhodes* and *Albert H. Cole,* for appellants. *Hurd J. Hurst* and *Long & Yarlott,* for appellee.

NICHOLS, J.—Action by appellee to recover money alleged to have been delivered by appellee to appellant Charters, who was at that time acting as cashier of appellant bank, for the purpose of buying $200 worth of Liberty Bonds, it being alleged that the money was never returned to her, and that no bonds were delivered to her. The complaint is in two paragraphs: the first being a common count for money had and received while the second sets up the facts relied upon in detail. Appellant Charters answered in general denial. Appellant bank, filed a cross-complaint in which it alleged that it did not receive any of the money alleged to have been delivered by appellee to appellant Charters and received no benefit therefrom. It asked that, in the event appellee recovered a judgment, appellant bank be found only secondarily liable for its payment, and that the property of appellant Charters be exhausted before any recourse was had against it for the payment of such judgment. A demurrer to this cross-complaint was filed by the appellee and withdrawn before it was ruled upon. Answers in general denial to the cross-complaint were filed by appellee, and by appellant

Charters. There was a trial by the court which resulted in a finding for appellee against both appellants for the sum of $231, and a finding for the appellant bank on its cross-complaint to the effect that the allegations thereof were true and that it did not receive the money placed in Charter's hands. The court later, on motion of appellant bank, modified and amplified its finding by adding thereto that the bank was entitled to recover of and from Charters any amount which it might be compelled to pay in satisfaction of the judgment. On April 28, 1922, the court rendered judgment on such finding in favor of appellee and against both appellants in the sum of $231 and costs, and further adjudged and decreed "that the defendant bank did not receive any of the money found to have been delivered by plaintiff to the defendant Charters, and received no benefit therefrom, and that said defendant bank, have and recover of and from said defendant Charters any amount which it may be compelled to pay in satisfaction of this judgment."

On May 29, 1922, appellant Charters filed a motion for a new trial and also a motion to modify the judgment by eliminating and expunging therefrom

1. the portion above quoted. Both motions were overruled on May 29, 1922. On November 20, 1922, appellant Charters served notice on the clerk and the other parties that he would appeal to the Appellate Court. The appeal was within 180 days from the court's ruling on the motion for a new trial, and there was no defect of parties in the assignment of errors. There was due notice of the appeal, and the motion to dismiss the appeal is overruled.

Appellant assigns as error that "the judgment of the court is contrary to law." Such assignment is

2, 3. too general, and presents no question. *Goodwine* v. *Crane, Trustee* (1872), 41 Ind. 335; *Board*

v. *State, ex rel.* (1913), 179 Ind. 644, 102 N. E. 97. He also complains that the court erred in sustaining the motion of appellant Citizens National Bank to modify and amplify its original finding and in entering a final judgment thereon. The finding in this case is a general finding, and the modification of which appellant complains was at the same term at which the finding was made. We know of no procedure that would permit appellant to predicate error upon the court's modification of such a finding. It is well established that the court, having control of its records and proceedings, may, at any time before adjournment for the term, modify, amend or vacate, any of its records, orders or judgments made during the term. 2 Watson, Revision Work's Practice §2384, and numerous authorities there cited.

Appellant says that so much of the judgment as is quoted above was outside of the issues formed and tried, and outside of the pleadings, and that there 4, 5. was no basis for the same, and the court erred in entering the same as a part of its judgment. But we do not so understand the law.

The final judgment of the court follows its finding as modified, and is in harmony with the complaint. In the absence of evidence it is presumed that such finding and judgment is fully sustained by the evidence.

Section 594 Burns 1914, §568 R. S. 1881, provides that the court may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves. Appellants were both directly liable to appellee, and under said section and for the purpose of avoiding another action, the court was fully authorized to determine the ultimate rights of the judgment defendants, so far as possible, as between themselves.

The judgment is affirmed.