CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1871.

## E. B. DUFER v. THOMAS CULLY.

DAMAGES.—CONTRIBUTORY NEGLIGENCE.—A plaintiff who sues for damages for negligence, must not himself be guilty of any fault that contributed to the injury.

NOTICE.—DOMESTIC ANIMALS.—The owner of a domestic animal is not in general liable for injuries resulting from the vicious disposition of the animal, unless he is chargable with notice.

IDEM.—Where in trespass *quare clausam fregit*, the defendant is considered liable without notice for injuries resulting from the vicious disposition of the animal, it is an exception, and is based upon the wrong committed in breaking the plaintiff's clothes.

THE plaintiff sues to recover damages for wounds and injuries to his person, caused by a vicious bull, the property of the defendant, alleged to have been wrongfully permitted to run at large.

The answer denies knowledge that the bull was of dangerous or ferocious disposition. Denies that the bull was wrongfully at large. Denies that the bull pushed or struck the plaintiff.

The case was tried before a jury. The evidence tended to show that the bull, with several other of the defendant's animals, was running at large upon unoccupied lands of the neighborhood, that the bull strayed into, or broke into the plaintiff's enclosures, and the plaintiff, with two other men, went to drive the bull away, the plaintiff being armed with a pitchfork; and that after the bull was driven into the highway, the bull made a fierce charge upon the plaintiff, knocked the plaintiff down, giving to him a very painful, and what appeared to be an extremely dangerous wound, from which, however, the plaintiff recovered in a few weeks. The pitchfork with which the defendant sought to defend himself, was broken off at the shank, and the tines of the fork were carried away in the scalp of the bull where they remained until forcibly extracted after the bull reached the defendant's premises.

The evidence was conflicting, as to whether the defendant

knew of the vicious character of the bull. And the defendant attempted to draw out, on cross-examination, that the plaintiff unnecessarily vexed the animal.

On the trial, it was questioned whether evidence of the defendant's knowledge of the vicious character of the bull was material. ·

*Hill, Thayer & Williams*, for the plaintiff, cited *Van Leuven* v. *Lyke*, 1 Comst. 515, and claimed that the defendant is liable, in the absence of such knowledge.

*J. H. Reed*, contra, cited *Tifft* v. *Tifft*, 4 Denio, 175; *Vroomon* v. *Sawyer*, 13 John. 339.

BY THE COURT. I think the evidence of the defendant's knowledge, is pertinent. This is not an action for a breaking of the plaintiff's close, and the complaint does not charge a trespass on the plaintiff's premises. The case of *Van Leuven* v. *Lyke*, and the authorities there cited touching the point, sustain the general doctrine that the *scienter* must be proved to render the owner of a domestic animal liable, but recognize as an exception, that "this rule does not apply when the mischief is done by such animals while committing a trespass upon the close of another." These authorities base the exception upon the principle, that the common law holds a man answerable, not only for his own trespass, but also for that of his domestic animals, and as it is natural for such animals as horses, oxen, sheep and swine to rove, the owner is to take notice of the propensity at his peril, and held that where the action is trespass *quare clausam fregit*, proof that the animal was trespassing on the plaintiff's grounds at the time, excuses proof of knowledge of the animal's vicious propensity.

The court distinctly held that proof of the *scienter* was necessary in that case, and placed the necessity on the ground that there was no allegation of a breach of the close. All the cases cited, go to the extent that when the vicious disposition of the animal is the foundation of the action, knowledge of that disposition should be brought home to the owner of the animal.

The defendant requested the court to instruct the jury, that:

1. "A plaintiff who sues for damages for negligence, as in this case, must himself be without fault;" in lieu of which the following was given.

A plaintiff who sues for damages for negligence, as in this case, must not himself be guilty of any fault that contributed to the injury.

The following instructions, requested by the defendant, were given as asked:

2. To render the owner of a domestic animal liable for an injury committed by such animal, from its vicious propensity, it must be shown that the defendant had notice of its vicious propensity, or that he had reason to apprehend that the animal would do similar mischief to that complained of in the complaint.

3. In the complaint in this case, there is no allegation charging that the defendant's bull did any act for which the law holds the defendant liable, without proving a *scienter*.

4. If the defendant had no notice or knowledge that his bull had done or was disposed to do similar acts to those alleged in the complaint, the plaintiff can not recover.

5. If the bull was vicious, and had previously committed injuries similar to those alleged in the complaint, the plaintiff can not recover, if the injuries alleged in the complaint to have been received were brought about by the acts and aggressions of the plaintiff.

The verdict was for the defendant.