JOSEPH MILLER, Appellee, *vs.* THE KELLY COAL COMPANY, Appellant.

*Opinion filed April 23, 1909.*

1. NEGLIGENCE—*when kicking by a mule is the proximate cause of mule driver's injury.* Kicking by a mule, resulting in the driver being kicked down in front of and crushed by the coal car on which he was riding, will be regarded as the proximate cause of the injury, even though the plaintiff testifies that he would have been able to get away after the mule began kicking if there had not been a gob beside the track which prevented his escape.

2. SAME—*when case does not involve element of assumed risk.* An action against a mining company by a mule driver for injuries which were the proximate result of the kicking of a vicious mule does not involve the element of assumed risk, where the evidence is uncontradicted that the driver did not know of the tendency of the mule to kick and where he had driven the mule only one day before the injury occurred, during which time it did not manifest any disposition to kick.

3. INSTRUCTIONS—*when instruction as to effect of mining company's knowledge of vicious tendency of mule is proper.* An instruction holding a mining company liable for an injury to its mule driver from the kicking of a vicious mule if the driver did not know of such vicious disposition and the company did know of it or by the exercise of reasonable diligence would have known of it, is not erroneous in holding the company liable if it had constructive notice, even though the declaration charged that it knew the mule was dangerous and unsafe.

4. SAME—*when instruction as to damages for nursing and medical care is not prejudicial.* An instruction permitting the jury, in

assessing damages, to consider "the necessary expenses of nursing, medical care and attendance and loss of time, *so far as these are shown by the evidence,"* is not prejudicial, even though there was no evidence of any amount paid or indebtedness incurred for such items, where the defendant's instructions stated that no damages could be allowed except such as could be measured in dollars and cents from the evidence in the case.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the Third District affirming a judgment for $3000 rendered by the circuit court of Vermilion county in favor of appellee, and against appellant, for personal injuries sustained by appellee while working as a mule driver in the coal mine of appellant.

The declaration contained two counts. The first count charged that plaintiff was employed in defendant's mine, at the time of his injury, as a mule driver, in hauling coal along the sixth north-west entry; that the defendant, disregarding its duty in that behalf, negligently and carelessly furnished plaintiff a mule that was vicious and disposed to kick, which the defendant knew and which the plaintiff did not know; that on the morning of the second day plaintiff had driven the mule in the usual course of his employment, and while, in the exercise of ordinary care for his own safety, he was hauling coal along the entry about opposite room 30 of said entry, said mule, without provocation, began kicking and kicked plaintiff down in front of the car; that because of a gob of rock, dirt and other debris which defendant had permitted to accumulate on either side of the track to a height of, to-wit, three feet, plaintiff was unable to escape and get away from the mule and the car, and was thereby caught beneath the car, loaded with about four tons of coal; that said car was pulled up against, upon and over

plaintiff, thereby crushing the bones of his chest and injuring him in the hips, arms, head and divers other parts of his body. The second count of the declaration charged the defendant with failing to use reasonable care to provide the plaintiff with a reasonably safe place in which to work. The second count was taken from the jury by the court and the cause was submitted upon the first count, only.

GEORGE T. BUCKINGHAM, and CHARLES TROUP, (MASTIN & SHERLOCK, of counsel,) for appellant.

S. F. SCHECTER, and ACTON & ACTON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The principal contention of appellant is that the kicking by the mule was not the proximate cause of the injury, and that the trial court erred in not directing a verdict in its favor upon that ground.

Appellee testified that when the mule kicked him the first time he was standing on the bumper of the car; that he then attempted to get out of the way, but by reason of a gob next to the track extending up so high, he was unable to do so and the mule kicked him down on the ground under the car; that if it had not been for the gob he would have gotten out of the way. Appellee's injury occurred on the 31st of May and he had been driving in the sixth northwest entry since the fourth of March previous. He testified the gob had been in the same condition and he had seen it several times a day during the period he had been driving in that entry. Appellant contends that the injury would not have occurred but for the gob; that this was an independent cause of the injury, and therefore the kicking by the mule was not the proximate cause of said injury. We think the trial court was warranted in refusing to direct a verdict for appellant upon that theory. The law was correctly

stated by the Appellate Court in the following language: "The proximate cause of an injury is that act or omission which immediately causes and without which the injury would not have happened, notwithstanding other conditions or omissions concurred therewith. It is obvious that in the case at bar the immediate cause of appellee's injuries was the kicks he received from the mule; that had not the mule kicked, appellee would not have been harmed by the presence of the gob. Even though the gob be held to have been a concurring or intervening cause of the injury, appellant would be nevertheless liable for the reason stated." This is abundantly sustained by the following authorities: *Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242; *Springfield Consolidated Railway Co.* v. *Puntenney,* 200 id. 9; *Chicago Terminal Railroad Co.* v. *Schmelling,* 197 id. 619; *City of Joliet* v. *Shufcldt,* 144 id. 403; *Missouri Malleable Iron Co.* v. *Dillon,* 206 id. 145. In *Armour* v. *Golkowska,* 202 Ill. 144, this court said (p. 149): "In *City of Joliet* v. *Shufeldt,* 144 Ill. 403, we deduced from the authorities the general doctrine that it was not a defense to an action for injuries occurring by reason of the negligent act of the defendant that the negligence of a third person or an inevitable accident or an inanimate thing contributed to cause the injury to the plaintff, if the negligence of the defendant was an efficient cause and without which the injury would not have occurred." In *Commonwealth Electric Co.* v. *Rose,* 214 Ill. 545, the court said (p. 554): "Where an injury is the result of the negligence of the defendant and an inevitable accident, or an inanimate thing has contributed with the negligence of the defendant to cause the injury, the plaintiff may recover if the negligence of the defendant was an efficient cause of the injury and the injured or deceased party was in the exercise of ordinary care for his own safety."

It is also contended by appellant that the court erred in instructing the jury, for appellee, that if he proved his case

as set forth in the first count of the declaration it was the duty of the jury to find a verdict in his favor. The objection made to the instruction is, that it does not negative the assumption of risk. We do not think this a case where that question was involved. The proof tended to show that appellee was injured while making his first trip the second day he had driven the mule. There was evidence tending to show that the mule had frequently exhibited its vicious disposition to kick, for a considerable period of time previous to appellee's injury, when being driven by others; that it would kick without cause or provocation, and one witness testified that he refused to drive the mule on that account; that he notified appellant of its dangerous disposition and quit appellant's employment because it would not furnish him a safer animal. There was no evidence that appellee had ever had occasion to observe the mule while being driven by others, and there is no proof that he had any knowledge of the disposition of the mule to kick, or that during the time he had driven it it had manifested any such disposition before the injury. The appellee testified he was not informed and had no knowledge of the disposition of the mule to kick, and in this he is not contradicted. It was not a case where observation would disclose the danger before it had occurred. In such case instructions are not required to negative the question of assumed risk. *Illinois Terra Cotta Lumber Co.* v. *Hanley,* 214 Ill. 243; *Hagen* v. *Schleuter,* 236 id. 467.

By another instruction given for appellee the court told the jury that if defendant knew of the dangerous disposition of the mule, or by the exercise of reasonable diligence would have known it, and that plaintiff did not know it, and by reason of such dangerous and vicious disposition he was injured while performing his usual duties and exercising due care for his safety, then defendant would be liable. It is insisted this instruction was erroneous because it submits

to the jury the liability of appellant if it had constructive knowledge, while the charge in the declaration is that the defendant knew the mule was dangerous and unsafe. A similar objection was held to be invalid in *City of LaSalle v. Porterfield,* 138 Ill. 114, and cases there cited. Other objections to the same instruction are without merit.

The declaration alleged damages sustained by appellee in and about being healed of his injuries. No proof was offered of any amount paid or indebtedness incurred by him on that account. In the instruction given on his behalf as to the measure of damages the court told the jury it was proper for them to consider, in determining the amount of damages he had sustained, if they found appellant liable, among other things, "the necessary expenses of nursing, medical care and attendance and loss of time, so far as these are shown by the evidence." It is contended that as there was no proof that appellee had paid or obligated himself to pay anything for medicine, nursing or medical care this instruction was prejudicial error, in that it authorized a recovery on a theory not supported by the evidence and augmented the damages to an excessive amount. We do not think appellant was prejudiced by the instruction. It only authorized a recovery for the elements therein mentioned "so far as these are shown by the evidence." At appellant's request the court instructed the jury "that the measure of damages adopted by the law is simply compensation,—that is, such damages as will make good the loss sustained in dollars and cents, * * * and no other damages whatever, except such as can be measured in dollars and cents from the evidence in the case." The instruction given for appellee only authorized a recovery for medical care and attention so far as the same were shown by the evidence, and appellant's instruction emphasized that no damages could be recovered except such as could be measured in dollars and cents from the evidence in the case. Under similar circumstances a similar instruction to that complained of was held not to be

reversible error in *North Chicago Street Railroad Co.* v. *Cook,* 145 Ill. 551.

Whether the damages awarded are excessive is not open to review in this court. The proof tended to show appellee's injuries were serious and permanent in character, and the verdict is not so large as to lead to the conclusion that the jury must have considered any elements in determining the amount except such as were warranted by the proof.

We have examined the complaint as to the ruling of the court in permitting Dr. Sims to answer, over appellant's objection, a question asked him by appellee's counsel, and also as to the ruling of the court in permitting appellee to exhibit his back and breast to the jury, and find no error in any of the rulings upon these questions.

Finding no reversible error in this record the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*