## Dennis A. Devine, Appellee, v. Tazewell Coal Company, Appellant.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the weight of the evidence unless clearly and manifestly so.

2. EVIDENCE—*when form of questions improper.* Questions which are leading and suggestive in form and call for conclusions upon material points in controversy are improper and objections thereto are properly sustained.

3. MASTER AND SERVANT—*doctrine of assumed risk does not apply.* Held, under the facts of this case, and the authority of Miller v. Kelly Coal Co., 239 Ill. 626, 145 Ill. App. 453, that the plaintiff, who was a mule driver in a mine and injured through the viciousness of a mule, was not barred of his recovery by virtue of the doctrine of assumed risk.

4. VARIANCES—*when objection comes too late.* An objection of variance not sufficiently raised during the trial is waived and cannot be urged on review.

5. INSTRUCTIONS—*estoppel to complain.* A party cannot complain of an instruction which contains a vice common to instructions given at his own instance.

Action in case for personal injuries. Appeal from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.   *Certiorari* denied by Supreme Court (making opinion final).

W. R. CURRAN, for appellant; MASTIN & SHERLOCK, THOMAS KENNEDY and M. D. CONAGHAN, of counsel.

JAMES P. ST. CZERNEY and BLACK & POTTS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment for $10,000 rendered by the Circuit Court of Tazewell county in favor of appellee and against appellant, for personal injuries sustained by appellee while working as a mule driver in the coal mine of appellant. The first count of the declaration charges that on December 7, 1908, the plaintiff was employed by the defendant in moving cars of coal on iron tracks to the east main entry of its coal mine; that on said date the defendant ordered the plaintiff to use a certain mule called "Cricket" in hauling the cars of coal in said entry; that while the plaintiff was moving a car of coal in said entry and riding in the usual and customary place on said car said mule, while hauling said car, and without the fault of the plaintiff, began kicking; that the plaintiff in endeavoring to escape from the blows and struggles of said mule, fell from said car and became lodged between the rib of said entry and such car; that said car passed over the leg of plaintiff, crushing and injuring it; that plaintiff was squeezed between the car and the rib, and thereby permanently internally injured.

The second count charges that said main entry had inclines and elevations therein; that the cars furnished plaintiff were not equipped with brakes to prevent them from running upon the heels of the animal drawing them while going down hill; that the defendant negligently failed to provide brakes for said car; that on the date aforesaid while plaintiff was riding in the usual place upon one of said cars, by reason of not being provided with brakes, the same rushed upon the heels of said mule, which began kicking; that plaintiff in endeavoring to escape and being unable to stop the car, fell from said car and became lodged between the rib of the entry and the car, whereby the car passed over his left leg, and injured him, as charged in the first count. The third count charges that said main south entry was of insufficient height and width for the plaintiff to pass between the car and the rib; that the space between the ribs and sides of the cars was not more than six inches. Each count charges that said mule "Cricket" was possessed of a vicious disposition and with a tendency to kick those using him; that the defendant had or should in the exercise of ordinary care have had knowledge of such dangerous disposition of said mule, of the dangerous character of said work, of the defective and dangerous condition of said car, and the dangerous character of said entry; that the plaintiff had not and would not have had by the exercise of ordinary care, knowledge of the disposition of said mule, or of the dangerous character of the work in which he was engaged, or of the defective condition of the car furnished, or of the dangerous character of said entry. Each of said counts further charges that at the time the plaintiff was injured he was in the exercise of due care for his own safety.

There is evidence to show the following facts: On December 7, 1908, the plaintiff was in the employ of the defendant as a mule driver; on the morning of that day he was ordered by the boss mule driver to use a mule called "Cricket." In the main south entry in

which he was directed to work, the roof was not to exceed 4 feet 8 inches high in some places, and from 5 feet to 5 feet 6 inches in others. At the time the plaintiff was injured he was riding on the forward car of a trip, with his left foot on the chain, his right foot on the bumper, his left hand on the right hip of the mule, and his right hand on the corner of the car, which position was that usually taken by drivers. While going down an incline, the mule started to kick. It first kicked the car, one of its legs going on either side of the plaintiff; then while the plaintiff was stooping down, it kicked the coal on the car. The plaintiff then started to get off the car, when the mule wheeled and tried to kick again, but was unable to do so because of its closeness to the car. The plaintiff in order to avoid injury crowded against the rib of the coal, and when he tried to straighten up the advancing car struck him and knocked him down. He raised himself up again and the car hit him on the hips, and when he again endeavored to raise himself the car struck him and pushed him in between the rib of the coal and the car. The mule then gave a lunge and squeezed him in between the rib and the car so closely as to bind and stop the car, the front wheel of which had run over his left foot. His knee was so caught between the side of the car and the rib that he could not move his leg, and it became necessary to call upon several men to assist in extricating him.

There is evidence tending to show further that the main south entry from a point at the seventh stub northward for a distance of 100 feet, was unsafe on account of its narrowness; that at the point where appellee was injured and at many places within the 100 feet, the entry was so narrow that the coal cars would barely miss the ribs or the props there constituting the ribs; that in the sides of the entry, gob of fire clay was piled as high as it could be without falling back on the track, and in many places to within a few inches of the roof, and that as a result there

was no space for a driver to escape in case he was exposed to danger. There is also evidence tending to show that the driver boss and mine superintendent knew of this condition, and further that the plaintiff had never been in the entry and along the place where he was injured, prior to the morning of his injury, and that on each occasion when he passed through that entry on that morning, he was compelled to look ahead to avoid coming in contact with other cars or falls or anything that might be on the track. The evidence tends to show further that the mule was vicious and in the habit of kicking at unexpected times; that the boss mule driver knew or should have known of such disposition and habit, and that the plaintiff had no notice or knowledge of the same. As the result of the accident the plaintiff's hips were dislocated, the ligaments of the knee of his left leg ruptured, some of the minor bones of the left foot fractured and his kidneys injured. His left leg was so injured as to render amputation a few inches below the knee joint necessary. The plaintiff was at the time 28 years of age, in good health, sound in body and limb, and earning $2.56 a day. Since his injury he has not been able to do any work.

The foregoing evidence, although controverted, was sufficient not only to warrant the court in refusing to direct a verdict, but also to justify the jury in finding that the defendant was not only negligent in failing to exercise reasonable care to furnish the plaintiff with a reasonably safe place in which to work, but also in directing him to use a mule which the boss mule driver knew, and the plaintiff did not know, was possessed of a disposition to kick. This issue and that of contributory negligence, were questions for the determination of the jury, and we cannot say, after a careful consideration of all the evidence, that their finding was clearly and manifestly against the weight of the evidence.

The defendant endeavored to show by a number of

witnesses, what unsafe, fractious, violent, dangerous or wicked acts, if any, at any time, they had noticed this mule perform, while driving, handling or feeding him, or at any time during their acquaintance with him. To all of the questions propounded to these various witnesses objections were sustained. The defendant claims that each of these witnesses, if permitted to answer, would have testified in substance that the mule was not unsafe, not dangerous, not fractious or wicked, and not of violent and vicious disposition; that he did not have a tendency to kick or hurt those using him; that in their various experiences with the animal his actions were neither dangerous, unsafe, violent nor vicious, and that he did not have a tendency to kick and injure those using him.

While the general line of the testimony was competent, the questions asked by counsel of the witness to elicit such facts were leading and suggestive and called for the conclusion of the witness upon a material point in controversy, thereby invading the province of the jury. Moreover, each of the witnesses to whom these questions were propounded had before testified fully as to their acquaintance with the mule "Cricket," and as to their observation of his habits and disposition. There was no prejudicial error in the rulings of the court in this particular.

The contention that the plaintiff assumed the risk of the injuries sustained by him as an ordinary incident to his employment, and that such injuries were not the proximate result of the negligence of the defendant, are settled by Miller v. Kelly Coal Co., 239 Ill. 626; 145 Ill. App. 453, a case very similar on the facts to the one at bar.

The rulings of the court upon the hypothetical questions propounded to Charles Martin and Thomas Ryan were proper. Wullner v. Coal Co., 145 Ill. App. 491.

The question of variance between the declaration and the proof, if any exists, was not sufficiently raised during the trial, and is therefore waived. City v.

Bork, 227 Ill. 60. Moreover, complaint is made that several instructions given for the plaintiff improperly limit the exercise of care and caution by the plaintiff to the time when he was in danger, regardless of his conduct in putting himself in that condition. A like phrase is employed in several of the instructions given at the request of the defendant. We do not think, however, the complaint is well-founded. Knox v. Rolling Mill, 236 Ill. 437; Peterson v. Traction Co., 231 Ill. 324; Krieger v. R. Co., 242 Ill. 544.

While the verdict is large, we do not think it can properly be said to be excessive. We find no prejudicial error in the record, and the judgment of the Circuit Court is accordingly affirmed.

*Affirmed.*