Patrick J. O'Connor, Plaintiff in Error, v. William B. Brower, Defendant in Error.

Gen. No. 35,069.

622

Opinion filed October 9, 1931.

JOHN F. DENISSEN, for plaintiff in error.

EDWARD T. HOWE, for defendant in error.

MR. JUSTICE KERNER delivered the opinion of the court.

Plaintiffs sued to recover damages sustained by reason of the failure of defendant to return a promissory note, secured by a trust deed. The cause was submitted to the court without a jury on a stipulation of facts. Finding for defendant and judgment against plaintiff for costs. To reverse the judgment plaintiff sued out a writ of error. Under the pleadings and the stipulated facts the questions presented are solely questions of law.

The stipulation of facts on which the cause was submitted to the court in substance is that plaintiff proved the execution and delivery of a $3,250 note and the trust deed given to secure it; that he paid the note in

full to the defendant, who then resided in New Jersey, and requested its return; that defendant failed to return the note, he having lost or destroyed it; that the premises were encumbered by a prior mortgage, securing $5,000 due June 16, 1928, and, in order to make certain improvements and to pay the prior mortgage at its maturity, plaintiff in error obtained from Wallace Brothers a mortgage loan of $7,000 bearing interest at six per cent per annum from June 16, 1928; that after payment of the $3,250 note plaintiff applied to the trustee for a release of the trust deed securing said note but the trustee refused to execute a release without production of the note or, in the alternative, a corporate surety bond to indemnify it in releasing the trust deed in the absence of the note; that thereupon plaintiff was advised regarding the attitude of the trustee and correspondence was exchanged over a period of several months, finally culminating in a definite refusal by defendant to pay the cost of the bond demanded by the trustee; that thereupon plaintiff, in order to save further payment of interest on the $5,000 mortgage, obtained the required bond and, on July 24, 1928, the trustee executed a release of the trust deed securing the $3,250 note; that, before executing the bond, the surety company requested an affidavit and, at the request of plaintiff, defendant furnished such an affidavit, acknowledging therein that the $3,250 note had been paid in full; that the premium paid by plaintiff for the bond was $100 and the interest on the $5,000 mortgage, from its maturity to the date of payment, amounted to $36.94 and was paid by plaintiff.

The trial court held that the act of the trustee in refusing to release the trust deed without production of the note was illegal and wrongful and the proximate cause of plaintiff's injury, and the defendant contends here that the securing of the indemnifying bond on the demand of the trustee was not the natural result

of the loss of the note and that the act of the trustee in demanding the indemnifying bond before releasing the trust deed was a new, independent and immediate cause of the injury.

It is conceded that plaintiff suffered a loss of $136.94; whether that loss be attributed to defendant because of his failure to return the note or to the trustee because of its refusal to execute a release of the trust deed without production of the note, or in the absence of the note, a bond to indemnify it in doing so, the plaintiff is the innocent victim of the act of another over which he had no control. The proximate cause of any injury is that act or omission which immediately causes and without which the injury would not have happened, notwithstanding other conditions or omissions concurred therewith (*Miller v. Kelly Coal Co.*, 145 Ill. App. 452); it must be that which in a natural and continued sequence, unbroken by any new and independent cause produces the event and without which it would not have occurred. (*Cleveland, C., C. & St. Louis Ry. Co. v. Lindsay*, 109 Ill. App. 533.) The mere fact that the failure of the defendant to produce the note was more remote in point of time, does not establish that his act was not the proximate cause of the injury. There can be no question that the loss or destruction of the note by defendant produced his failure to return it to plaintiff and that failure in turn produced the inability of plaintiff to exhibit the note canceled to the trustee, and this inability induced the refusal of the trustee to release the trust deed unless protected in so doing by an indemnifying bond. In other words, the trustee was the intervening agency and was set in motion by the loss or destruction of the note by defendant and his consequent failure to return it to plaintiff, and this chain of events culminated in the injury to plaintiff.

The defendant, however, argues that he could not have reasonably anticipated the act of the trustee in

demanding the indemnifying bond. It is not necessary that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, but when it occurs it must appear that it was a natural and probable consequence of his negligence (*Seith v. Commonwealth Electric Co.,* 241 Ill. 252, 259), and the wrongdoer will be liable if the injury was such as a reasonably prudent man might, by the exercise of ordinary care, have foreseen would occur although he might not have foreseen the particular accident that did occur. (*Hartnett v. Boston Store,* 265 Ill. 331 and *O'Rourke v. Louisville & Nashville R. Co.,* 197 Ill. App. 45, 52.) Defendant was charged with a knowledge of the law that upon payment of the note plaintiff would be entitled to possession of it and would be entitled to have it canceled as evidence of the existence of the lien on his property. (*Stiger v. Bent,* 111 Ill. 328, 339.) We are of the opinion that a reasonably prudent man, charged with a knowledge of the law, would anticipate that some injury would result from his failure to return the note to the party entitled to receive it. We are also of the opinion that the fact that the act of the defendant resulted in the loss or destruction of the note did not excuse his act as the proximate cause, for the reason that where successive acts cause or produce a loss or injury, in determining responsibility for the injury the law applies the practical rule, that the predominating cause in producing a given effect must be looked to rather than a subordinate or dependent cause, and to entitle the defendant to exemption because of the fact that there was a more immediate cause of loss, he must show not only that the same loss might have happened, but that it must have happened, although the act attributable to him had not been done. (17 Corpus Juris, sec. 72, pages 735, 736.) Had defendant returned the note, as he was legally obligated to do (*Stiger v. Bent, supra*), there could

have been no legal refusal by the trustee to release the trust deed nor could the trustee have required an indemnifying bond. Moreover, to relieve the defendant by reason of the intervening act of the trustee it must appear that such intervening act was independent of the act of the defendant and was wrongful and illegal. In *Chicago & Great Western R. Land Co. v. Peck,* 112 Ill. 408, it was held a trustee has no power to release the trust deed except upon the surrender and cancellation of the bonds it was given to secure. The note in the instant case was negotiable and if it were outstanding in the hands of a bona fide purchaser for value, before maturity, the trustee would be liable to such holder for a violation of its trust, in releasing the trust deed without surrender and cancellation of the note. Therefore the act of the trustee in demanding the indemnifying bond before releasing the trust deed was not wrongful or illegal.

For the reasons indicated the judgment of the municipal court is reversed and judgment will be entered here in favor of plaintiff, Patrick J. O'Connor, and against defendant, William B. Brower, in the sum of $136.94, defendant to pay all costs in this court.

*Reversed and judgment here against defendant for $136.94.*

Gridley, P. J., and Scanlan, J., concur.