Argued February 16; reversed March 8, 1938

# SCHNELL *v.* HOWITT

(76 P. (2d) 1130)

Department 2.

George D. La Roche and J. B. Ofner, both of Port-
land, for appellant.

Arthur Langguth and L. S. Dunsmore, both of Port-
land, for respondent.

RAND, J. On March 14, 1935, the plaintiff, while
in the employ of the defendant and at work upon de-
fendant's premises, sustained an injury by being hooked
by a cow belonging to the defendant. Plaintiff brought
this action to recover for the injury and, from a judg-
ment in his favor, the defendant has appealed.

It is alleged in the complaint that the defendant owns
and operates what is known as "East Side Stables"
in the city of Portland and that the plaintiff "was em-
ployed to do such work in and about said stables as
may be required in the course of the day's work". The
evidence shows that the injury was sustained on said
premises and while plaintiff was engaged in unfasten-
ing the cow from a stall.

As grounds for the action, the plaintiff alleges that
the defendant failed to warn him of the danger and
also failed to provide him with a safe place in which
to work. There is no allegation in the pleadings, nor
was any evidence offered upon the trial, tending to
show that prior to the injury the cow was vicious or
had ever evidenced any dangerous propensities.

■ It is a well-established rule of law that the owner
of an animal not naturally vicious, such as a cow, is

not answerable for an injury done by it unless it was, in fact and to his knowledge, vicious: 2 Am. Jur., Animals, sec. 48, and authorities there cited.

In 3 C. J. S., Animals, sec. 148, it is said:

"Generally the owner of a domestic animal is under no obligation to guard against injuries which he has no reason to expect on account of some disposition of the individual animal different from the species generally if he has no notice of such disposition. Hence, if the injury has resulted from the exercise of a vicious propensity, which is not natural to the class of animals to which the offending animal belongs, the owner or keeper of the animal is usually not liable if he did not have previous knowledge or scienter of the vicious propensity, or could not have ascertained the same by the exercise of reasonable care, unless there has been negligence (see § 149), or, as shown in succeeding paragraphs, the animal was wrongfully in the place where the injury was inflicted. On the other hand, if the animal, to the knowledge of the owner, is vicious, he must keep it safely or respond in damages for injuries resulting from a display of its known propensities, and, as previously shown in § 146, it is often held that the liability thus imposed is in no way dependent upon the existence of negligence, although there is also authority to the contrary."

In the same section, on page 1251, the authors say:

"In order to constitute scienter within the rules discussed in § 148 a and in § 160, the notice to the owner or keeper of the animal's vicious or mischievous propensity must be such as to put a prudent man on his guard, and require him as an ordinarily prudent man to anticipate the injury which has happened. According to the more recent cases, however, the owner of an animal need not have actual notice of its vicious propensities in order to make him liable; but the notice may be either actual or constructive, or may be implied from the circumstances. It is sufficient if the acts done furnish a reasonable inference that the animal is likely to commit an act of the kind concerning which the ac-

tion is brought, or if the owner has seen or heard enough to convince a man of ordinary prudence of the animal's inclination to commit the class of injuries complained of.''

The general rule is also stated in a note in 1 Ann. Cas., p. 205, as follows:

''That it is necessary to prove knowledge, on the part of the owner of a domestic animal, of its vicious propensities, in an action for injuries done by the animal while in a place where it had a right to be, is well established.''

In *Dufer v. Cully*, 3 Or. 377, it was held, as shown by the syllabus, as follows:

''The owner of a domestic animal is not in general liable for injuries resulting from the vicious disposition of the animal, unless he is chargeable with notice.''

Hence, in order for the plaintiff to recover in this action, it was necessary for him to allege and prove that the cow in question was vicious and liable to inflict injury upon others and that this fact was known to the defendant, or, by the exercise of ordinary diligence upon his part, should have been known to him.

■ The plaintiff contends, however, that the rule has no application under the facts proved in this case, for reasons which will now be stated. It appears from the evidence that this was a large milch cow which was kept by the defendant for the purpose of suckling calves which the defendant, from time to time, bought and brought to the premises for the purposes of sale, and that, in order to compel her to submit to being suckled, her hind legs were fastened together and she was tied by the head in the manger and, at the time the plaintiff sustained the injury complained of, the cow had been so fastened and tied, and that this had caused her to become irritated and vicious. This, however, is not sufficient to take the case out of the rule for the reason

that, if that was the fact, she had never at any time prior thereto exhibited any vicious propensities after being so treated and, therefore, there was no evidence of any knowledge upon the part of the defendant nor reason for the defendant to anticipate that she would be vicious on this particular occasion or attempt to harm the plaintiff.

██ There is another reason why the plaintiff cannot recover in this action. This is an action to enforce a common-law liability. At the time of the injury, the plaintiff was 18 years of age and he had had some, although not much, experience in the handling of cows. In accepting the employment, he impliedly represented to his employer that he was competent to do the work and this work, he alleges in his complaint, was "such work in and about said stables as might be required during the course of the day's work". The injury was sustained while doing the work which he had contracted to do. In entering into his contract, he assumed all the ordinary risks incident to his employment and this included the risk attendant upon the handling and care of this cow. As said in *Tucker v. Northern Terminal Company,* 41 Or. 82, 88 (68 P. 426):

"* * * the rule of the common law is that when a servant, of suitable age and sufficient intelligence, enters into the employ of the master, he is presumed to understand, and, therefore, in consideration of the rate of compensation agreed to be paid, voluntarily assumes, all the risks ordinarily incident to the business in which he engages (citing authorities)."

For these reasons, it was error for the trial court to refuse to direct a verdict in favor of the defendant. The judgment, therefore, will be reversed and the cause will be remanded to the court below with directions to dismiss the action.

BEAN, C. J., and BAILEY and LUSK, JJ., concur.