Submitted on brief September 14; reversed and remanded
October 18, 1949

# FUNKHAUSER *v.* GOODRICH

210 P. 2d 487

*Cunning & Brewster* and *Carl Coad,* of Redmond, filed a brief for appellant.

No appearance by respondent.

BELT, J.

This is a tort action. Plaintiff, a man 41 years of age, who was employed by defendant as a ranch hand,

seeks to recover damages for personal injuries resulting from being kicked by a cow while he was undertaking to milk her. Over the objection of the defendant, the cause was submitted to a jury and a verdict returned in favor of the plaintiff for the sum of $1,100.00. Defendant appeals asserting, among other things, that there is no evidence to support the judgment and that he was entitled to a directed verdict. Plaintiff-respondent makes no appearance here.

Defendant's ranch is located a few miles from Sisters in Deschutes County, Oregon. On December 12, 1947, about 7:30 in the morning, the plaintiff went to the shed where three cows were kept for the purpose of assisting the defendant in milking. The floor of this small 10 by 16-foot shed was slippery and icy, as it was very cold weather. Defendant was not engaged in the dairy business. No hay was stored in this small shed and after the cows were milked, they were turned loose to graze. Plaintiff thus testified about how the cow happened to kick him:

"I walked into the barn, picked up the milk stool and picked up the milk pail. Mr. Goodrich was already milking one cow at the time I got there. I walked between the cow he was milking and the cow I was going to milk. I spoke to the cow and pushed her over with my hand and started to sit down and she kicked. The first time she kicked, I was standing right against the cow. As I jumped back, my foot slipped on the ice, I fell, and she kicked me two or three times more."

The defendant testified:

"Q. When he [plaintiff] came into the barn, what did he do?

"A. He came into the barn, shut the door and went to the corner of the barn where the milk buckets sit and picked one up and a stool and hung

it over his arm. Then he walked over behind this
cow he was going to milk and he hit her with the
stool to get her over. No doubt the cow didn't know
where he was or that he was near and she started
kicking.

"Q. You say that he struck her with a stool—
did you see him hit the cow?

"A. I didn't see him hit her, but I heard the
stool hit.

" * * *

"Q. Then what happened, Lee?

"A. Well, the cow kicked him, as near as I
could tell, twice.

"Q. While the cow kicked him, was he standing
up or was he on the ground?

"A. He was standing behind the cow."

■ In reviewing the motion for a directed verdict, we
will consider the evidence in the light most favorable
to the plaintiff and will, therefore, accept his version
as to what transpired. It is not disputed, however,
that the plaintiff's leg was broken as a result of being
kicked by the cow. It is not contended that the fall
to the floor of the shed caused the leg to be broken.

■ In order for plaintiff to prevail it was nec-
essary to establish that defendant was negligent and
that such negligence was the proximate cause of the
injury. Was defendant negligent because the floor of
the shed was covered by a coating of ice and was slip-
pery? Was it a breach of duty on the part of the
defendant because he did not heat this shed in zero
weather and thereby prevent the floor from being in
an icy and slippery condition? To hold defendant to
such a high degree of care would be unreasonable and
bordering on absurdity. Plaintiff was not engaged in
a hazardous occupation. Common law principles con-
trol.

▮ In this section of the state during the winter months it is not unusual to encounter icy and slippery conditions in barns. There is some evidence that a few days prior to the time in question, rainy weather prevailed and that the roof of the shed leaked, thereby causing the floor to become wet and slippery. It is common knowledge that barn floors may become wet and slippery from causes not attributed to weather. Defendant was not an insurer of the safety of the plaintiff. Milking a cow is ordinarily a simple operation and does not involve any great risk or danger. We think plaintiff under the circumstances had a reasonably safe place in which to work and that he assumed the ordinary risks incident to his employment. *Schnell v. Howitt,* 158 Or. 586, 76 P. (2d) 1130.

▮▮ Assuming, but not deciding that defendant was negligent in failing to furnish plaintiff a safe place in which to work, we think the icy and slippery condition of the floor was not the proximate cause of the injury. The cow must be charged with the proximate cause of the damage sustained by the plaintiff. As was said in 38 Am. Jur., Negligence, 702, § 54:

> " * * * a proximate cause is a superior or controlling agency as contradistinguished from those causes which are merely incidental or subsidiary to such controlling cause."

In *Miller v. The Kelly Coal Company,* 239 Ill. 626, 88 N. E. 196, 130 Am. St. Rep. 245, 145 Ill. App. 452, the plaintiff therein obtained a judgment against the defendant company on account of having been kicked by a known-vicious mule. On appeal it was contended that the kicking by the mule was not the proximate cause of the injury. Plaintiff testified that when the mule kicked him the first time, he was standing on

the bumper of the car; that he then attempted to get out of the way, but by reason of a gob next to the track extending up so high, he was unable to do so and the mule kicked him down on the ground under the car; that if it had not been for the gob, he would have gotten out of the way. Defendant company contended that the injury would not have occurred but for the gob; that this was an independent cause of the injury and, therefore, the kicking by the mule was not the proximate cause of said injury. The trial court refused to direct a verdict for the company upon that theory. Appellate court stated that

> " 'It is obvious that in the case at bar the immediate cause of appellee's injuries was the kicks he received from the mule; that had not the mule kicked, appellee would not have been harmed by the presence of the gob. Even though the gob be held to have been a concurring or intervening cause of the injury, appellant would be nevertheless liable for the reason stated.' "

The judgment for the plaintiff was affirmed. The case is distinguishable from the one at bar in that we are here concerned with a cow not known by the owner to be vicious. The reasoning of the Illinois court, in our opinion, supports the conclusion reached by us that the kicking by the cow was the proximate cause of the injury.

Defendant cannot be held responsible on the theory of keeping a known-vicious animal. Plaintiff had milked this cow for several months, and he said she was always gentle. Plaintiff had never known the cow to kick anybody before. We know not what caused this gentle cow to kick on the occasion in question, but we are certain it was not due to the icy and slippery condition of the floor.

*Schnell v. Howitt,* supra, is much in point and is adverse to the contention of the plaintiff herein. In that case plaintiff was hooked by a cow and obtained judgment. On appeal this court held the defendant was entitled to a directed verdict for the reason that plaintiff had failed to prove that the cow was vicious and that defendant knew or ought to have known about the dangerous disposition of such animal. It was further held that plaintiff assumed the risk of his employment.

We conclude that plaintiff cannot recover for the following reasons:

1. There is no substantial evidence tending to show negligence.

2. The alleged negligence is not the proximate cause of the injury.

3. Plaintiff assumed the ordinary risks incident to his employment.

The judgment is reversed and the cause remanded with directions to dismiss the action.

Lusk, C. J., and Brand, J., concur in the result on the ground that as a matter of law, the icy condition of the floor was not the proximate cause of the injury. Restatement, Torts, § 430, comment C.