SHANNON, Chief Judge.
The plaintiff below seeks reversal of a summary final judgment in a negligence action wherein damages were sought for injuries sustained by the plaintiff during the course of his employment with defendant below, appellee here.
Plaintiff, Colton, was employed by the defendant corporation as a checker, but had been shifted, before the accident, from checker to stock clerk. On the date of the accident, plaintiff had been told to replace or repair a broken paper tape in one of the cash registers. To accomplish this task, plaintiff alleged it was necessary for him to lean forward and to the left of the register. On completion of the job, plaintiff raised his head and struck it against a metal cigarette rack, which protruded about eight inches beyond the vertical edge of the cash register, receiving injuries thereby. Action was commenced under the theory that defendant had breached its duty to provide plaintiff with a reasonably safe place to work and, as a direct and proximate result thereof plaintiff sustained the complained of injuries. It was averred that the above theory was relied upon because defendant had rejected the Workmen’s Compensation Act, Ch. 440, Fla.Stat., F.S.A., so that it was precluded from interposing the defense of fellow servant, assumption of risk and contributory negligence.
The complaint withstood motion to dismiss and defendant answered denying negligence and alleging that the sole proximate cause of the injury was the negligence of the plaintiff. Interrogatories were propounded to the plaintiff. They were answered and plaintiff’s deposition was taken. Defendant’s motion for summary judgment was supported by affidavit and plaintiff filed an affidavit in opposition thereto. Summary final judgment was entered in defendant’s favor and plaintiff appeals.
The plaintiff contends that it was negligence for the defendant to have installed the shelving in such manner so that a dangerous condition was created. The plaintiff further points out that under Sec. 440.-06, Fla.Stat., F.S.A., The Workmen’s Compensation Law, defendant-appellee was precluded from the use of contributory negligence as a defense and that this fact is important in a consideration of the correctness vel non of the summary judgment for defendant.
When, as in the instant case, an employer has rejected the provisions of Ch. 440, Fla.Stat., F.S.A., he “may not, in any suit brought against him by an employee subject to this chapter to recover damages for injury or death, defend such a suit on the grounds that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.” Sec. 440.06, Fla.Stat., F.S.A. Despite the foregoing provisions, if the employer was completely free of negligence which caused or contributed to the employee’s injury; or if the injury resulted solely from the employee’s own negligence, there can be no recovery by the employee. Baker v. Great Atlantic & Pacific Tea Co., 5 Cir., 1954, 212 F.2d 130. In his order granting the defendant’s motion for summary judgment (as amended nunc pro tunc), the trial judge found:
“Plaintiff was Defendant’s employee in its grocery store. Defendant had several check out counters equipped with cash registers. Situate on top of each register was a cigarette rack which protruded 6 to 8 inches over the top of the cash register on the side wherein were located the cash register tapes. The rack was obvious. Plaintiff was called upon to change a cash register tape on the day in question. Plaintiff, knowing the location of the cigarette rack, bent over and placed the tape in the register. Forgetting the rack’s location, Plaintiff straightened up and struck his head *363 upon the bottom or edge of the protruding cigarette rack.
“The foregoing represent undisputed facts. Defendant rejected the provisions of the Workman’s [sic] Compensation Act (Chapter 440, F.S.A.). Therefore, Plaintiff has chosen to sue his employer upon the premise the Defendant failed to furnish Plaintiff with a reasonably safe place in which to work.
“It is the Court’s view that there are no genuine issues as to any material fact and that Defendant is entitled to judgment as a matter of law. The sole proximate cause of the injury was Plaintiff’s own negligence and Plaintiff has failed to show, by inference or otherwise, that Defendant was guilty of any negligence which proximately caused Plaintiff’s' damages. * * * ”
It has been stated on many occasions by the courts of this state that caution is used in granting summary judgment in negligence cases. See e. g., Prescott v. Erwin, Fla.App.1961, 133 So.2d 332. It is only when there is no genuine issue as to any material fact and when the mov-ant is entitled to judgment as a matter of law that summary judgment is properly granted. Clark v. City of Atlantic Beach, Fla.App.1961, 124 So.2d 305.
In the instant case the facts were not disputed. As shown by the pleadings, deposition and affidavits in the record, the location of the cigarette rack atop the cash register was obvious to the plaintiff as it would have been to anyone of ordinary senses. It is the duty of an employer to provide his employees with a reasonably safe place in which to work. Murray v. Osenton, Fla.App.1961, 126 So.2d 603. It is also the rule, however, that an employer is not required to warrant an employee absolute safety under every condition. Seaboard Air Line R. Co. v. Gentry, Fla. 1950, 46 So.2d 485.
In the instant case all essential facts were beyond dispute and nothing remained but for the trial judge to determine if the defendant was entitled to judgment as a matter of law. We conclude, therefore, that the trial judge was correct in entering summary final judgment for the defendant-appellee.
Affirmed.
ALLEN and WHITE, JJ., concur.