Argued June 10, affirmed June 22, 1966

## MEAKINS *v.* OLSON

416 P. 2d 5

*Fred Allen,* Newport, argued the cause and submitted a brief for appellant.

No appearance for respondent.

Before Goodwin, Presiding Justice, and Denecke, Holman, Lusk and Schwab, Justices.

### PER CURIAM.

This is a personal injury action in which the plaintiff appeals from a judgment entered upon an order

allowing defendant's motion for an involuntary non-suit.

Plaintiff and his family rented a house from the defendant under an agreement whereby plaintiff helped with the farm chores in lieu of paying a cash rental.

Plaintiff's complaint alleges that one of his duties was to milk the defendant's beef cows and that while he was attempting to milk a cow which was "unstable, wild and unmanageable," the cow kicked and injured him. The complaint alleges negligence as follows:

"That the defendant herein was negligent in failing to provide a safe place for his servant, the plaintiff herein, to work in that he:
"1. Failed to provide adequate safety guards for the handling of a wild and unmanageable animal.
"2. Failed to provide adequate or sufficient help for the plaintiff herein to control such wild and unmanageable animal."

The only witnesses who testified in the plaintiff's case were the plaintiff and his wife. His wife's testimony did not bear on the question of negligence. The plaintiff testified that he was experienced in working with cows, having worked on farms and ranches for most of his forty-nine years. This work included milking. He said that beef cows were harder to handle than dairy cows because they were larger, but did not classify them as wild or unmanageable. The defendant, in the presence of the plaintiff, had previously milked the cow which later kicked the plaintiff and had accomplished this without difficulty. Plaintiff further testified that in his experience he had generally milked cows when they were secured in a chute or with rope

hobbles, but did not testify that the use of a stanchion and chain hobbles—the safeguards available to him at the time in question—was an unsafe practice. This is a common law negligence situation. Nothing about the case calls for application of the standards of care required by the Employers Liability Act.

Plaintiff relies on *Short v. Federated Livestock Corp.,* 235 Or 81, 383 P2d 1016, but we think the case is governed by *Schnell v. Howitt,* 158 Or 586, 76 P2d 1130. There being no evidence that the defendant failed to use ordinary care, the trial judge correctly allowed the motion for an order of involuntary non-suit.

Affirmed.