McDONALD, PARKER LEE, Associate Judge.
The plaintiff-appellee was an employee of the defendant-appellant. On the day of the accident he and a co-employee had been spreading fertilizer when it commenced to rain.
The co-employee was driving a tractor pulling a trailer loaded with the fertilizer. The plaintiff rode on the trailer. In attempting to back the trailer into a shed in order to get it out of the rain the trailer was “jack-knifed”. The plaintiff was asked by his co-employee to straighten the tongue of the trailer. The plaintiff dismounted, disconnected the trailer, picked up the tongue and started to push it when he slipped and fell, injuring himself. The co-worker had remained on the tractor seat. A third worker sometimes assisted the two in their work and the jury could have found that he should have been with the two.
On these facts the appellee recovered a verdict.
The complaint was framed on two grounds: (1) failure of the employer to provide a safe place to work and (2) failure of the employer to furnish a sufficient number of workers.
There is clearly no basis for recovery on the ground the defendant failed to provide a safe place to work. Colton v. Great Atlantic & Pacific Tea Company, Fla.App.1962, 136 So.2d 361; Seaboard Air Line R. Co. v. Gentry, Fla.1950, 46 *612 So.2d 485; Gifford v. Galaxie Homes of Tampa, Inc., Fla.App.1967, 194 So.2d 25; Funkhauser v. Goodrich, 1949, 187 Or. 220, 210 P.2d 487. The appellee did not urge this ground seriously to the jury, nor on appeal.
The primary argument is whether or not the facts justify an award on the basis of the defendant’s failure to furnish an adequate work force. The charge to the jury on this issue was “In the case of employments requiring numbers of workers to act in concert, it is the duty of the employer to provide a sufficient force to enable his employee to accomplish the work assigned to them with reasonable safety to themselves; ”. This is a quote from 35 Am.Jur., Master and Servant, § 197. That quote continues as follows: “and, if an injury results to an employee by reason of insufficiency in the number of his coworkers, he is entitled to maintain an action against the employer. This rule, it will be observed, is merely an extension of the fundamental doctrines requiring the employer to provide his employees with safe instrumentalities and a safe place to work. The single fact of the happening of a calamity which would have been avoided had more employees been provided to perform the work is not of itself sufficient to establish negligence on the part of the employer; it must also appear that he did not exercise ordinary or reasonable care and prudence in estimating the number actually necessary for doing the work safely.”
The trial judge’s charge was insufficient on this issue. Rosin v. Danaher Lumber Co., 1911, 63 Wash. 430, 115 P. 833, 40 L.R.A.,N.S., 913. “The master is not an insurer of the number of servants required any more than he is of their competency. If he were, then to relieve him from any possible negligence in such cases as this, it would become his imperative duty to make a preliminary test not only of the weight of objects about to be handled, but also of the physical strength and endurance of the servants detailed to perform the particular work. Such a requirement would be impracticable, and, in many instances, impossible. The law only demands an exercise of reasonable and ordinary care and prudence in selecting the number of men to perform the work.”
A compilation of cases on this theory of liability can be found at 36 A.L.R.2d 1-138.
It is noteworthy that help in the form of the co-employee was available to the plaintiff. The plaintiff cannot fail to avail himself of assistance, and then complain that the employer failed to furnish an adequate work force. Western Union Telegraph Co. v. Coker, 1947, 146 Tex. 190, 204 S.W.2d 977. This was not a situation where the plaintiff was ordered to do the specific task by a foreman which sometimes makes an exception to the above rule as related in § 22, 36 A.L.R.2d 92. The case of Great Atlantic & Pacific Tea Co. of America v. McConnell, 5 Cir. 1952, 199 F.2d 569, is not helpful to the plaintiff for there the claimant had called for help that she had before and the issues of contributory negligence and assumption of risk were available. This is not true in this case.
In short, the evidence on this point in this cause failed to reveal (1) that more help was needed (2) that more help would have affected the plaintiff’s slipping (3) that more help was unavailable (the coworker on the tractor) (4) that the defendant knew or should have known that more help was necessary (5) that the plaintiff’s knowledge of any danger was less than the employer’s. Swanson v. Miami Home Milk Producers’ Ass’n, 1934, 117 Fla. 110, 157 So. 415.
Usually the sufficiency of the work force furnished is a jury question. If there is competent evidence to sustain a verdict, the verdict must be sustained. However, more than inferences must be given the jury. The proof submitted in this action is legally insufficient for the jury to render a verdict for the plaintiff. *613 The trial judge should have directed a verdict for the defendant.
This cause is reversed with directions to enter judgment for the defendant.
CROSS, C. J., and McCAIN, J., concur.